**C. S. HAMMOND & COMPANY, a corporation, Plaintiff,**

v.

**INTERNATIONAL COLLEGE GLOBE, Inc., a corporation, Harry W. Bobley, Harold L. Crossman, and Sweeney Lithograph Company, Inc., a corporation, Defendants.**

United States District Court
S. D. New York.
Dec. 3, 1956.

Churchill, Weymouth & Engel, New York City, for plaintiff, Howard J. Churchill, New York City, of counsel.

Cadwalader, Wickersham & Taft, New York City, for defendants, International College Globe, Inc., Harry W. Bobley and Harold L. Crossman, Jacquelin A. Swords, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., in this action for copyright infringement and unfair competition.

Plaintiff contends that defendants' inflatable globe map of the world infringes plaintiff's copyrighted inflatable globe. In order to succeed on this motion plaintiff must conclusively demonstrate that there are no genuine issues of fact with regard to any of the essential elements comprising a claim for copyright infringement. Defendants vigorously dispute at least two of these elements—copying and unlawful appropriation. If examination of the globes indicated that the similarities were so overwhelming and pervasive that a trial judge would be justified in directing a verdict for the plaintiff, judgment could properly be granted on this motion despite defendants' contentions that there was no copying. I find, however, that the matter is not that clear.

Plaintiff alleges that the following similarities prove copying: four common errors; eleven common selections of uncommon places; a number of common omissions of important places; and an unusually similar selection of airline routes and mileage distances.

Defendants' cartographer asserts in his affidavit that he had access to plaintiff's globe and many other maps but has no recollection of having copied anything from plaintiff's globe and seriously doubts that he did. He gives the following explanation for the similarities mentioned above. As for errors, there are over 50 uncommon errors on the two globes. Of the four common errors cited by plaintiff, two are not errors and there are other source maps used by defendants' cartographer which contain all four places in the same position in which they are found on the globe. With regard to selection of uncommon places, there are many such places present in one globe and not in the other. Also, there are source maps which cite the unusual places which are common to both. The same explanation applies to common omissions.

Surely, copying as to these matters has not been conclusively demonstrated. An issue of fact is presented which will have to await trial for its determination. The trier of fact will then have the benefit of hearing and observing the witnesses directly and will be in a better position to evaluate their credibility and to determine the likelihood of copying.

The issue raised by the airline routes and mileages is more difficult. Of the 38 such routes on plaintiff's globe, defendants have 35 which are identical as to lines and figures within one mile more or less. While the likelihood of copying is very strong here, the question of whether it constitutes an improper appropriation remains. Arnstein v. Porter [1] indicated that this is a question of fact to be tested according to the response of the ordinary layman. Even if the routes and mileages were copied, it is not sufficiently clear that this would constitute a material or substantial infringement of plaintiff's copyright to warrant judgment on this motion.

We come now to the question of unfair competition. Plaintiff alleges that there has been confusion in the public mind between the two globes because of their similar appearance, and

---

1. 2 Cir., 1946, 154 F.2d 464.

the use of the word "International" in both names. Although there is undoubtedly a superficial similarity in appearance, this alone is not sufficient to render defendants liable for unfair competition. Plaintiff has not shown, *inter alia*, that there is any confusion in the public mind between the two globes or that the public identified plaintiff by the word "International". Moreover, these are not issues which should be resolved on the basis of a decision between conflicting affidavits.[2] It has been clearly established that where there is any possibility that an issue of fact is presented, the opposing party should have the opportunity to cross examine movant's witnesses and the trier of the facts should have the opportunity to evaluate their credibility by observing their demeanor while they testify.[3]

Summary Judgment must be denied. So ordered.

See also D.C., 145 F.Supp. 54.

---

2. See Colby v. Klune, 2 Cir., 1949, 178 F.2d 872, 873; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 471.

3. Sartor v. Arkansas Natural Gas Co., 1943, 321 U.S. 620, 64 S.Ct. 724, 88 L. Ed. 967; Alvado v. General Motors Corp., 2 Cir., 1955, 229 F.2d 408; Subin v. Goldsmith, 2 Cir., 1955, 224 F.2d 753.