Mary TAYLOR, Administratrix of the Estate of John H. Taylor, Deceased

v.

REDERI A/S VOLO, Appellant,

v.

LAVINO SHIPPING COMPANY, Third-Party Defendant.

No. 15873.

United States Court of Appeals Third Circuit.

Argued Oct. 18, 1966.

Decided March 22, 1967.

James F. Young, Philadelphia, Pa. (Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for appellant.

George D. Sheehan, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., on the brief), for appellee, Lavino Shipping Co.

Before MARIS, McLAUGHLIN and KALODNER, Circuit Judges.

OPINION OF THE COURT

KALODNER, Circuit Judge.

The issue presented on this appeal is whether the District Court erred in

granting appellee third-party defendant's motion for summary judgment, Rule 56, Fed.R.Civ.Proc.,[1] against appellant third-party plaintiff, the original defendant. (Third-party plaintiff will hereinafter be referred to as "defendant".)

The original action was instituted in the District Court on February 6, 1963 by John H. Taylor, now deceased, against defendant, Rederi A/S Volo, for damages arising out of personal injuries allegedly sustained by Taylor.

Taylor's complaint alleged that on or about April 11, 1961, while he was employed as a longshoreman on board the S/S Othem, a vessel then "owned, operated and controlled by the defendant" and docked in the Port of Philadelphia, he sustained certain specified personal injuries "due to the unseaworthy condition of the S/S Othem and due to the negligence of the defendant by its duly authorized servants, agents and employees acting within the course and scope of their duties."[2] Damages in the amount of $75,000.00 were claimed.

In its amended answer, filed on April 24, 1963, defendant admitted that it owned and operated the S/S Othem at the time in question, but denied that the portion of the vessel where Taylor alleg-

[1]. Rule 56, Fed.R.Civ.Proc., provides in part:

"(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is *no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law*. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

\*     \*     \*     \*     \*

"(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the mat-

ters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate*, shall be entered against him.

"(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." (emphasis supplied)

\*     \*     \*     \*     \*

[2]. The complaint further alleged that:

"\*   \*   \* defendant was careless and negligent and the S/S OTHEM was unseaworthy in:

"a. Failing to provide the plaintiff with a safe place to work.

"b. Failing to provide the plaintiff with a safe and seaworthy vessel, booms and appurtenances.

"c. Failing to properly and safely stow cargo.

"d. Failing to warn plaintiff of the danger.

"e. Negligence at law."

edly sustained his injuries was controlled by it at the time of the accident. The amended answer further averred that Lavino Shipping Company, a stevedore, which it later joined as a third-party defendant, controlled the area where the accident allegedly occurred. Defendant also denied that plaintiff was injured as a result of the unseaworthy condition of the S/S Othem or as a result of defendant's negligence. Defendant's answer also contained two "separate" defenses, one of which was that Taylor was contributorily negligent.[3]

On March 22, 1963, prior to the defendant's filing of its amended answer, and prior to its joining of Lavino Shipping Company as third-party defendant, defendant took Taylor's deposition. At his deposition, Taylor stated, inter alia, that his injuries occurred when he fell into a space created by the separation of the cargo which was comprised of coca beans.

Subsequently, on September 11, 1963, defendant joined Lavino Shipping Company as a third-party defendant. The third-party complaint alleged: that Taylor was in the employ of third-party defendant at the time of his alleged injury; that at the time of the accident, "Third Party Defendant was performing stevedoring services aboard the Defendant's vessel pursuant to a contract and/or agreement" made between defendant and third-party defendant; that "[b]y virtue of the contractual relationship existing between the parties, Third Party Defendant undertook to and was under a duty and obligation to well and truly perform its services in a safe, proper, competent and workmanlike manner;" that third-party defendant breached this duty in that "it furnished and used improper, unsafe and defective equipment and further that its agents, servants and/or employees conducted cargo oper-

ations in a hazardous, negligent, unsafe and improper manner"; that such breach of contract was a "substantial factor in and the cause of Plaintiff's accident and injuries"; that if Taylor's injuries were caused by the negligence of any person other than himself, such negligence was that of third-party defendant and that if Taylor's injuries resulted from the unseaworthy condition of the vessel, such condition was "caused, created and/or brought into play" by third-party defendant. Defendant accordingly prayed for judgment over for indemnity against third-party defendant as to all sums which may be awarded in favor of Taylor and against defendant.

On October 23, 1963, third-party defendant ("Lavino") filed its answer to the third-party complaint[4] in which it admitted that it was performing stevedoring services for defendant at the time of Taylor's injury and that Taylor was in its employ at that time. It also admitted that it owed defendant a contractual duty to perform its stevedoring services in a proper and workmanlike manner. However, it denied that it breached this duty and that any such breach was a substantial factor or cause of Taylor's accident or injuries. It also denied that Taylor's injuries were caused by its negligence or that of its agents, servants or employees.[5]

Taylor died December 25, 1964. On March 17, 1965 his wife, Mary, administratrix of his estate, was substituted as plaintiff.

Thereafter, on March 25, 1965, Lavino filed a "Request for Admissions" in which it requested defendant to admit that it had no evidence concerning Taylor's accident other than that contained in his deposition. The "Request for Admissions" was never answered by the de-

---

3. The other "separate" defense was that "[p]laintiff is not a seaman entitled to bring this action without prepayment of costs under 28 U.S.C.A. 1916."

4. On the same day third-party defendant also filed an answer to plaintiff's complaint.

5. This answer also contained two "separate" defenses: (1) "Plaintiff's remedies, if any, are provided exclusively by the applicable Workmen's Compensation Statute." and (2) "Defendant and Third-Party Plaintiff have failed to set forth a cause of action for which relief may be granted."

fendant although a 10-day period had been fixed for the filing of an answer.

On May 25, 1965, Lavino filed a motion to strike the third-party complaint and/or for summary judgment in its favor. After argument, the District Court entered an order granting Lavino's motion for summary judgment.[6]

In an accompanying opinion, Taylor v. Rederi A/S Volo, 249 F.Supp. 326, 328 (E.D.Pa., 1966), the District Court first considered the preliminary question "whether any use of Taylor's deposition against third-party defendant can be made at trial." With respect to this question, the District Court held that the deposition was inadmissible against Lavino at trial, stating:

"* * * [I]n the instant case the third-party defendant was not a party to the action at the time the deposition was taken and thus was neither present at the place of deposition nor was given due notice there of, alternative conditions for the use of the deposition at trial against a party. F.R.Civ.P. 26 (d). Otherwise the deposition remains hearsay inadmissible at trial. Therefore, we hold that the deposition could not be used against third-party defendant at trial." Ibid.

The District Court then addressed itself to the question "whether there exists a genuine issue as to a material fact as against third-party defendant *when third-party plaintiffs admit they have no evidence with which to charge liability*",[7] aside from decedent Taylor's deposition. On this score, the District Court concluded that it was "not at all likely that [defendant] will discover additional evidence if the case is prolonged" because "[h]e has had ample opportunity to make use of discovery techniques and investigations," and, that "there is no material issue of fact for a trier to determine", 249 F.Supp. 329, with respect to the third-party claim.

In reaching this conclusion the Court stated:

"* * * Defendant has the burden to prove that the stevedore breached its implied warranty to load or unload the vessel in a workmanlike fashion. * * As the case now stands, third-party defendant would be entitled to a directed verdict at the close of defendant's case.

"A 'genuine issue' is one which can be supported by substantial evidence. Riss & Company v. Association of American Railroads, 190 F.Supp. 10, 17 (D.D.C.1960). The whole purpose of summary judgment would be defeated if a case could be forced to trial by a mere assertion that a material issue is present without any showing of proof. * * * A party cannot rely on the allegations in his pleadings to preclude summary judgment but must show evidence which supports his position. Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965).

"The problem in this case is unusual in that there is no affidavit from the moving party as to what the facts are. However, several prior cases have considered the same question and decided that summary judgment was proper. In Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952), the court, through Judge Learned Hand, held that where plaintiff would have no witnesses to support his allegations that he had been slandered and could not avoid a directed verdict at trial, defendant was entitled to summary judgment. Similarly, in Smerdon v. Swedish-American Line, 33 F.R.D. 314 (S.D.N.Y.1963), where plaintiff, five years after the accident could show no witnesses to substantiate his claim, the court granted summary judgment to defendant. It was reasoned that there was no genuine issue as to any material fact al-

---

6. Accordingly, the District Court found it unnecessary to consider third-party defendant's motion to strike the third-party complaint.

7. 249 F.Supp. 328 (emphasis supplied).

though it was not clear what the facts were. * * *" 249 F.Supp. 328.

On this appeal, defendant contends that the District Court erred in granting Lavino's motion for summary judgment because: (1) a third-party complaint should be allowed to stand "if, under some construction of the facts which might be adduced at trial, recovery would be possible"; more specifically, plaintiff's evidence, when presented at trial, with or without decedent Taylor's deposition, could establish sufficient facts to not only hold defendant liable, but also to show that Lavino was the actor who brought these operating factors into play, thereby providing support for defendant's indemnity claim; (2) since decedent Taylor's deposition can be used in plaintiff's case against defendant, it can in turn be used in defendant's case against Lavino; (3) there are exceptions to the hearsay rule which would permit the use of decedent Taylor's deposition in the third-party action; and (4) there are genuine issues as to material facts whether or not the evidence or proof of these issues is presently in the possession of defendant.

Lavino, in reply contends that the District Court properly exercised its discretion in granting summary judgment because: (1) it is admitted that there is no evidence and no known witnesses to support the third-party claim and therefore no genuine issue of fact to be tried; (2) summary judgment cannot be defeated by reliance upon a deposition of the deceased plaintiff taken before the action was commenced against the third-party defendant, where third-party defendant was not present at the deposition and was not given due notice thereof; and, (3) deceased plaintiff's deposition, even if considered evidentiary, does not raise a genuine issue of fact that would defeat summary judgment.

We are of the opinion that the District Court erred in granting Lavino's motion for summary judgment, assuming arguendo that the District Court was correct in holding that Taylor's deposition would be inadmissible at trial against Lavino.

It is settled that summary judgment may be granted where there is no genuine issue of material fact presented. It is further settled that the trial court may exercise its discretion in denying summary judgment where a part of an action may be ripe for summary judgment but it is intertwined with another claim that must be tried. 6 Moore's Federal Practice, ¶ 56.15[8], pp. 2440–41 (2d ed. 1965).

In the instant case plaintiff's complaint alleges that her decedent's injuries were caused by the unseaworthy condition of the S/S Othem and the negligence of defendant, while defendant's third-party complaint alleges that if Taylor's injuries were caused by anyone other than himself, such negligence and unseaworthiness was the fault of Lavino for whom Taylor was working when he was injured and who allegedly had control of the area where the injury occurred. The claims of both plaintiff and defendant arise out of the same factual situation. Accordingly, the same evidence that may establish defendant's liability to plaintiff may also establish Lavino's liability to defendant on the latter's indemnity claim. While a party is not entitled to a denial of a motion for summary judgment on the basis of a mere hope that evidence to support his claim will develop at trial, International Longshoremen's and Warehousemen's Union v. Kuntz, 334 F.2d 165, 169, n. 5 (9 Cir. 1964), summary judgment should be denied where it is highly probable that such evidence will develop at trial. See, Stanley v. Guy Scroggins Construction Co., 297 F.2d 374, 376 (5 Cir. 1961); Urquhart v. Urquhart, 104 F. Supp. 929, 937 (D.C.Md.1952). Cf., Frey v. Frankel, 361 F.2d 437, 442 (10 Cir. 1966); C. S. Hammond & Company v. International College Globe, Inc., 146 F. Supp. 514, 516 (S.D.N.Y.1956). Because of the common factual situation that forms the basis of both plaintiff's and defendant's claims, there exists here a strong possibility that plaintiff's evidence may, when presented at trial, not only establish sufficient facts to hold defendant liable, but may also show that

Lavino brought those factors into play, thereby providing support for defendant's indemnity claim against Lavino. Under these circumstances, it would be unfair to deprive defendant of its "day in court" merely because it cannot now come forward with ·evidence to support its claim, particularly since its inability to do so may be due to the untimely death of a vital witness.

Since plaintiff's claim must still be tried, and since defendant intends to support its third-party claim by the same evidence produced at trial by plaintiff in support of her original claim, little, if any additional time will be consumed by permitting defendant to prove its claim in the same action. Accordingly, the granting of summary judgment on defendant's third-party claim will not expedite the disposition of this action. See, Burgans v. New York Central R. R. Co., 192 F. Supp. 222, 223 (S.D.N.Y.1961). Cf., Lundeen v. Cordner, 354 F.2d 401 (8 Cir. 1966) where it is stated at p. 409 that "the purpose of the summary judgment is to avoid useless trials * * *."

Moreover, in light of the fact that plaintiff's original claim and defendant's third-party claim are intertwined factually, it is better that they be "[t]ried and determined as a whole" and not be considered "by a kind of shadow boxing in vacuo". Paul E. Hawkinson Co. v. Dennis, 166 F.2d 61, 63 (5 Cir. 1948). See, Mayle v. Criss, 169 F.Supp. 58, 61 (W.D. Pa.1958). Cf., Kollsman Instrument Corp. v. Astek Instrument Corp., 225 F. Supp. 534, 536 (S.D.N.Y.1964).

The cases cited by the District Court in support of its decision differ significantly from the present case. Not one of them involves the situation—present in this case—in which the various claims of the parties are so factually intertwined that the evidence proffered at trial to support one of the claims may well support the other. Accordingly, those decisions are not controlling here.

For the reasons stated the Order of the District Court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.