McCLINTON, Walter R., Jr.

v.

**ROCKFORD PUNCH PRESS & MANUFACTURING CO., INC.**

Civ. A. No. 81–2200.

United States District Court, E.D. Pennsylvania.

Oct. 25, 1982.

William Goldstein, Philadelphia, Pa., for plaintiff.

John E. Salmon, Philadelphia, Pa., for defendant.

## MEMORANDUM

CLIFFORD SCOTT GREEN, District Judge.

In this diversity action, defendant Rockford Punch Press and Manufacturing Company moves the court to grant it summary judgment on the issue of successor liability, asserting alternative bases in support of its motion. First, defendant alleges that it is not liable to plaintiff Walter R. McClinton, Jr. under the product-line exception to the doctrine of successor liability because the predecessor entity was a seller, rather than a manufacturer of the product-line. Second, defendant claims it did not purchase all or substantially all of the assets of the predecessor company, a prerequisite to the attachment of liability under the product-line exception. The court is not persuaded by the first of defendant's assertions, and a material issue of fact is in dispute as to the second. Accordingly, the motion for summary judgment is denied.

A brief recital of the facts is required. Prior to 1964, the defunct predecessor, Rockford Ironworks, Inc. (Rockford I) had been in the punch press business for several years. In 1951, Rockford I, a Delaware corporation, supplied the design with which its subcontractor manufactured punch presses. It then sold the press on which plaintiff allegedly was injured. In 1964, Mr. Provi purchased the Rockford I name, goodwill, customer lists, sales records, engineering data (including punch press blueprints and designs), repair part catalogues, and price lists. Pursuant to the sales agreement between Rockford I and Provi, Rockford I stopped using the Rockford name. Later, Rockford I went out of business.

From its formation in 1957 through 1964, BAKM Machinery and Service Company (BAKM) conducted business as a machinery and service company. In October 1964, BAKM, an Illinois corporation, purchased the aforementioned Rockford I assets from Provi. BAKM did not hire any employees of Rockford I. Moreover, none of the owners of BAKM had an ownership interest in Rockford I, and none of the owners of Rockford I had any such interest in BAKM. In December 1964, BAKM discovered that it had insufficient machinery with which to manufacture punch presses. Thus, it rented more from the Emerman Manufacturing Company. BAKM changed its name twice: to Rockford Ironworks, Inc. in 1964; then to Rockford Punch Press and Manufacturing Company, the defendant in this action, in 1973. At all times since 1964, BAKM has manufactured, sold, and advertised punch presses under the Rockford name.

As a general rule, when one company sells or transfers all its assets to another, the successor company does not embrace the liabilities of the predecessor simply because it succeeded to the predecessor's assets. *Husak v. Berkel Inc.,* 234 Pa.Super. 452, 341 A.2d 174 (1975). The court in *Husak* announced three exceptions to this rule: namely, where (1) the successor explicitly or implicitly agrees to assume such liability, (2) the transaction is tantamount to a merger or consolidation, or (3) the successor is a mere continuation of the predecessor. *Id.* at 456–57, 341 A.2d at 176–77. In the instant matter, defendant claims that none of the three exceptions to the general rule applies. There is no evidence that the defendant explicitly or implicitly agreed to be liable as a successor, nor does the evidence suggest either that the two companies merged or that defendant is a mere continuation of Rockford I. Accordingly, I conclude that, as a matter of Pennsylvania law, defendant cannot be found liable on any of these three grounds. *See Dawejko v. Jorgensen,* 290 Pa.Super. 15, 434 A.2d 106, 107–08 (1981).

Recently, the Pennsylvania Superior Court announced yet another exception. In *Dawejko,* Judge Spaeth wrote for the court and adopted the "product-line" exception as Pennsylvania law. *Id.* 434 A.2d at 110.[1] Thus, when the successor acquires all or substantially all the manufacturing assets of the predecessor and undertakes essentially the same manufacturing operation as the predecessor, the successor may be held strictly liable for injuries caused by defective units in the same product-line, even if the products were manufactured and distributed by the predecessor. *Id.*

---

1. When exercising diversity jurisdiction, a federal court must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where, as here, the highest state court has not ruled on an issue, a federal court must not disregard the decisions of intermediate appellate state courts. Such decisions must be presumed to be state law unless persuasive data yield a contrary conclusion. *National Surety Corp. v. Midland Bank,* 551 F.2d 21, 29–30 (3d Cir.1977) (quoting *King v. Order of Travelers,* 333 U.S. 153, 160–61, 68 S.Ct. 488,

492–93, 92 L.Ed. 608 (1948), and *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940)).

In the absence of persuasive data to the contrary, I presume that the determination of the superior court in *Dawejko* is the law of Pennsylvania. *See also Savini v. Kent Machine Works, Inc.,* 525 F.Supp. 711, 719 (E.D.Pa. 1981) (presuming that *Dawejko* is Pennsylvania law); *Jacobs v. Lakewood Aircraft Service, Inc.,* 512 F.Supp. 176, 182 (E.D.Pa.1981) (same).

Defendant claims it is entitled to summary judgment because it purchased only a small portion of the predecessor's assets. Plaintiff, however, asserts that defendant is liable under the product-line exception because defendant purchased all or substantially all of the predecessor's assets. Clearly, a material issue of fact is disputed by the parties, i.e., what portion of the assets of the predecessor entity was purchased by defendant. Summary judgment cannot be granted where a genuine issue of material fact is disputed. *National Association of Government Employees v. Campbell,* 593 F.2d 1023 (D.C.Cir.1978); *Taylor v. Rederi,* 374 F.2d 545 (3d Cir.1967); Fed.R. Civ.P. 56.

Finally, defendant submits that the product-line exception does not apply to the instant matter because Rockford I, the predecessor company, sold but did not manufacture the punch press which allegedly injured plaintiff. In the first instance, I am convinced that, on the facts of this case, the Pennsylvania Supreme Court would not recognize the seller-manufacturer distinction asserted by defendant.[2] Furthermore, I am not persuaded that defendant's characterization of Rockford I as a mere seller is entirely accurate. Granted, there is no evidence suggesting that Rockford I actually made the punch press at issue. There is, however, evidence that Rockford I subcontracted with another company for the manufacture of punch presses, supplied this company with engineering data and blueprints for the construction of the machines, then sold the machines under the Rockford name—the same name which defendant has placed on its machines for the last eighteen years. The involvement of Rockford I in the manufacturing process is sufficient to support a finding that it was the manufacturer of the punch press and to subject the defendant to suit under the product-line exception to the successor liability doctrine. Under these circumstances, I find defendant's arguments unavailing.

My conclusion is consistent with that of the Pennsylvania Superior Court. *See Dawejko,* 434 A.2d at 111. When it adopted the product-line exception, the court cautioned against drawing the exception too tightly. Noting the policy considerations which led to the rule of strict liability, the court phrased the exception generally, so that each court could determine whether the imposition of liability was just in a particular case. Furthermore, the court opined that several factors, some of which may be present here, should be deemed pertinent: e.g., whether the successor corporation presented itself as an ongoing enterprise; whether it maintained the same product, personnel, name, property, and clients; and whether it acquired the name and goodwill of the predecessor corporation and required the predecessor to dissolve. *Id.* The presence or absence of these factors may only be assessed after evidence is produced at trial. Thus, I conclude that defendant is not entitled to judgment as a matter of law.

---

2. The law of strict liability announced by the Pennsylvania Supreme Court in cases outside the successor liability genre leads to this conclusion. *See, e.g.,* Restatement Second of Torts § 402A (special liability of seller to user or consumer who suffers personal harm from defective product).