NEW ENGLAND TRACTOR TRAILER TRAINING OF CONNECTICUT, INC. *vs*. GLOBE NEWSPAPER COMPANY. April 24, 1984. *Practice, Civil*, Summary judgment. *Libel and Slander*.

This libel action brought by the plaintiff, New England Tractor Trailer Training of Connecticut, Inc., arose out of a 1974 Boston Globe "Spotlight" series on career training schools. When filed, the complaint also contained a count asserting a claim on behalf of New England Tractor Trailer Training of Massachusetts, Inc., but this count was later dismissed with prejudice.[1] The plaintiff appeals from the allowance of the defendant's motion for summary judgment. Whether the written material involved is defamatory is not before us.

1. Three of the articles in question refer to a "New England Tractor-Trailer School." Affidavits were presented by the plaintiff stating that although there are two separate corporations with similar names, one in Connecticut and one in Massachusetts, the separation results from legal requirements in both States; that, in fact, the two corporations operate as a single school with two branches, one in Connecticut and one in Massachusetts; that the manager and the officers of the two corporations are the same; and that these facts were told to a reporter of the defendant by the president of the plaintiff. Exhibits attached to the affidavits consisting of promotional and other material disseminated in both States support the claim that the two corporations appear to operate as a single school with two branches. One of the articles refers to a sales claim that New England Tractor-Trailer is the largest such school in the region. It also appears from an affidavit of the plaintiff's counsel that the Boston Globe is distributed in Connecticut. An affidavit filed by the defendant states that there are two corporations (a fact admitted by the plaintiff), and that the defendant intended its article to be only about the Massachusetts corporation. The ground advanced in support of the summary judgment is that the articles cannot reasonably be construed to be "of and concerning the plaintiff," *Hanson* v. *Globe Newspaper Co.*, 159 Mass. 293, 294 (1893). In view of the plaintiff's affidavit that the existence of the like-named Connecticut corporation was called to the defendant's attention, we think there is here a triable issue as to whether the defendant was negligent in failing to realize that the communication could reasonably by understood to refer to the plaintiff. Restatement (Second) of Torts § 564 comment f (1977).

---

[1] Contrary to the defendant's suggestion, the dismissal of that count has no preclusive effect on the remaining count in this action. Cf. Restatement (Second) of Judgments § 27 comment e (1982) (no preclusive effect in subsequent action).

2. Prior to the agreed upon dismissal of the claims of the Massachusetts corporation, the motion judge entered summary judgment for the defendant on "those portions" of the Massachusetts corporation's claim "referring or relating to articles published by defendant on March 25, 26, and 27, 1974." The defendant argues that we should uphold the judge in his allowance of summary judgment against the plaintiff with reference to those installments.

Since the first installments were part of a single series, we decline to eliminate them as matter of law at this time. The claims here may be intertwined, and we think that it is more appropriate to adjudicate the entire case at one time. See *Taylor* v. *Rederi A/S Volo*, 374 F.2d 545, 550 (3d Cir. 1967); 10A Wright & Miller, Federal Practice and Procedure § 2728, at 193 (2d ed. 1983). When the series is read as a whole, there may be a question whether the earlier articles, or at least those other than the one published on March 27, 1974, refer to the plaintiff. See *Brauer* v. *Globe Newspaper Co.*, 351 Mass. 53, 56-57 (1966); *United Medical Labs, Inc.* v. *Columbia Bdcst. Sys., Inc.*, 258 F. Supp. 735, 740 (D. Or. 1966). Nothing herein is intended to restrict the trial judge in ruling on the admission of these articles in evidence when presented in the light of other evidence. See *White* v. *Sayward*, 33 Me. 322, 325 (1851).

Accordingly, the entry of summary judgment for the defendant is reversed, and the case is remanded to the Superior Court for proceedings consistent with this opinion.

*So ordered.*

*Mack M. Roberts* for the plaintiff.
*James F. McHugh* for the defendant.