Douglas **SMERDON**, as Executor of the Estate of Albert Anderson, Plaintiff,

v.

**SWEDISH–AMERICAN LINE**, Defendant.

United States District Court
S. D. New York.
Sept. 20, 1963.

 

Alfred S. Julien, New York City, for plaintiff; Joseph Cohen, New York City, of counsel.

Haight, Gardner, Poor & Havens, New York City, for defendant; J. Ward O'Neill and Clifford J. Brenner, New York City, of counsel.

DAWSON, District Judge.

This is a motion for summary judgment pursuant to Rule 56(b) of the Rules of Civil Procedure.

The action is one for personal injuries sustained by decedent, Albert S. Anderson, because of an accident which allegedly occurred on October 13, 1957 while he was a passenger on board the defendant's vessel GRIPSHOLM. The issues in the case are well defined in the pre-trial memorandum submitted by the attorney for the plaintiff, as follows:

(1) Whether the negligence of the defendant was responsible for the decedent's fall;

(2) Whether the decedent received the proper medical attention at the time and subsequent to his fall;

(3) Whether the injuries sustained by the decedent are causally related to the occurrence.

Mr. Anderson, the original plaintiff, is now dead. The case has been continued by his executor. The action was insti-tuted by a complaint filed on March 13, 1958, over five years ago. On August 19, 1960, the action was dismissed for lack of prosecution. Thereafter, however, on September 19, 1960, the order of dismissal was vacated and the plaintiff was directed to appear in New York within sixty days before trial for the taking of his deposition and physical examination, and directed to place the case on the calendar by December 15, 1960. The action was called for a pre-trial conference. A pre-trial memorandum was filed on May 7, 1963. In that memorandum the attorney for plaintiff stated that "witnesses to the occurrence are unknown at this time." The case has not yet been reached for trial. No depositions have been taken. The affidavit submitted in opposition to this motion for summary judgment is submitted by the executor of the estate of the decedent and states no facts relating to the occurrence known to deponent's knowledge, but simply states what was told to him by decedent, all of which, of course, is hearsay.

It is the position of the defendant that this action should be dismissed since there has been this inordinate delay in bringing the action to trial and since the plaintiff admittedly has no witnesses who can testify as to the occurrence or as to the alleged negligence of the defendant. Defendant properly points out that if this is the situation a trial would be a waste of time and money and futile.

Plaintiff does not submit any affidavits setting forth specific facts showing that there is a genuine issue for trial. The affidavit by plaintiff-executor is, as has been stated, purely hearsay and does not comply with Rule 56(e) that such affidavits shall be "made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

We therefore have a situation where this ancient case stands upon the calendar blocking the way of other cases to trial. Plaintiff has admitted in his pre-

trial memorandum that he has no witnesses to the occurrence on which the action is based. The affidavit submitted in opposition sets forth no facts such as would be admissible in evidence to establish liability of the defendant.

This is exactly the situation to which the recent amendment of Rule 56(e) should be applicable. At one time it was held that a mere allegation in the pleading was sufficient to create a genuine issue as to a material fact and thus prevent summary judgment, although the pleader had made no attempt to controvert the matters presented on the motion by his opponent. It was to overcome the cases which so held that Rule 56(e) was amended as of January 21, 1963, to become effective July 1, 1963. See Moore, Federal Practice, Vol. 6, 1962 Supp., p. 60.

The amendment to Rule 56(e) provides that

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

This is certainly an appropriate case for summary judgment at the present time. Plaintiff has set forth no facts showing that there is a genuine issue for trial. Plaintiff has admitted that he knows of no witnesses to the occurrence on which the suit is brought. The injured party is dead. The case has been allowed to drag on for over five years, with no attempt on the part of the plaintiff to secure evidence by deposition or otherwise, or to perpetuate any testimony that the decedent might have been able to give. It is wrong that a case of this nature should be allowed to clog the calendar of this court.

The Court finds that there is at the present time no genuine issue as to any material fact and such being the case the moving party is entitled to judgment as a matter of law.

The motion for summary judgment dismissing the complaint is granted. Submit order.