**608 HAMILTON STREET CORPORATION, Ralph E. Rossheim and Dorothy Gallop t/a Midway Amusement Company**

v.

**COLUMBIA PICTURES CORPORATION,** Metro-Goldwyn-Mayer, Inc., Twentieth Century-Fox Film Corporation, United Artists Corporation, Universal Film Exchanges, Inc., Republic Pictures Corporation, Warner Bros. Pictures Distributing Corporation and Max M. Korr Enterprises.

No. 22772.

United States District Court
E. D. Pennsylvania.

Aug. 16, 1965.

Truscott, Kline, O'Neill & Howson, Frank F. Truscott, Philadelphia, Pa., for plaintiffs.

Schnader, Harrison, Segal & Lewis, Bancroft D. Haviland, Philadelphia, Pa., for Columbia Pictures Corp., Metro-Goldwyn-Mayer, Inc., Twentieth Century-Fox Film Corp., United Artists Corp., Universal Film Exchanges, Inc. and Republic Pictures Corp.

Wolf, Block, Schorr & Solis-Cohen, Louis J. Goffman, Philadelphia, Pa., for Warner Bros. Pictures Distributing Corp.

Wolf, Block, Schorr & Solis-Cohen, Raymond J. Bradley, Philadelphia, Pa., for Max M. Korr Enterprises.

JOSEPH S. LORD, III, District Judge.

Summary judgment has previously been entered against the plaintiffs on Counts 1 and 3 of the complaint. Before the court now is defendants' motion for summary judgment on Count 2.

The second count alleges that plaintiffs operated the Midway Theatre in Allentown, Pennsylvania, from August 15, 1954 until May 23, 1955 when the theatre was destroyed by fire. The complaint further alleges that during this period the defendants conspired against the plaintiffs by refusing to afford plaintiffs the opportunity to bid on first run pictures.

The single issue presented by the defendants' motion is whether plaintiffs are precluded from maintaining this action because they made no demand or request for the license of first run films.

In Milwaukee Towne Corp. v. Loew's, Inc., 190 F.2d 561 (C.A.7, 1951), the court held that where a conspiracy to refuse to deal with the plaintiff is the basis of an action, the plaintiff must show he made a demand for the product which he was allegedly denied. Subsequent decisions have uniformly followed this rule. See, e. g., Lawlor v. National Screen Service Corp., 270 F.2d 146 (C.A. 3, 1959); Royster Drive-In Theatres, Inc. v. American Broadcasting-Para-

mount Theatres, 268 F.2d 246 (C.A.2, 1959); Paramount Film Distributing Corp. v. Applebaum, 217 F.2d 101 (C.A. 5, 1954). Cf. Congress Building Corp. v. Loew's, Inc., 246 F.2d 587 (C.A.7, 1957).

In the present record there is no competent evidence of a demand. Nowhere in the affidavits or depositions of plaintiffs or of their mother, Sarah Rossheim, is there a statement of personal knowledge of a specific demand. An example of the nature of the statements in the affidavits is paragraph 10 of the affidavit of Dorothy Rossheim, one of the plaintiffs:

"During the period of August, 1954 to May, 1955, requests were made of United Artists Corporation, Paramount Film Distributing Corporation, Columbia Pictures Corporation, Metro-Goldwyn-Mayer, Inc., Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation and Universal Film Exchanges, Inc. for bid forms to be sent the Midway Theatre for first-run Allentown film, and all of these requests were ignored."

General allegations do not raise an issue of fact to prevent an award of summary judgment. See Robin Construction Co. v. United States, 345 F.2d 610, 613 (C.A.3, 1965); United States v. Mt. Vernon Milling Co., Div. of J. R. Short Milling Co., 345 F.2d 404 (C.A.7, 1965). The generality and vagueness of the above statement is apparent and typical of other statements. Nowhere are we given a date, the name of the person making such demands or the form and wording of the demand. In addition, there has been no attempt to comply with the requirement of F.R.Civ.P. 56(e) that

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and *shall show affirmatively* that the affiant is competent to testify to the matters stated therein. * * *" (Emphasis added).

See Dean Construction Co. v. Simonetta Concrete Const. Corp., 37 F.R.D. 242 (D.C., S.D.N.Y., 1965). Other statements in the affidavits and depositions are of a similar nature.

■ There is hearsay testimony throughout the depositions of attempts made by plaintiffs' father, Joseph Rossheim, to secure first run films. That Joseph Rossheim *told* a witness that he made a demand upon a distributor is neither relevant nor competent; only testimony of a *demand* made by him would be relevant, and that only a witness to the demand could testify to. Admissibility of evidence on a motion for summary judgment is governed by the same rules of evidence applicable at trial. See, e. g., Roucher v. Traders & General Insurance Company, 235 F.2d 423 (C.A.5, 1956); Chan Wing Cheung v. Hamilton, 298 F.2d 459 (C.A.1, 1962). We may not consider any testimony which does not affirmatively indicate that the facts related are within the personal knowledge of the witness.

In support of their argument that demands were made, plaintiffs point to one incident involving a Mr. Diamond, a representative of defendant Twentieth Century-Fox Film Corporation. Sarah Rossheim, plaintiffs' mother, testified:

"Q Now, did you on that trip personally talk to any distributor employee, branch manager or salesman?

"A I only recall an incident as far as Mr. Diamond from Fox saying, 'Joe—' meaning Joe Rossheim, 'for heaven's sake, don't ask me for a picture or New York will fire me—'

"Q Where did this occur?

"A '—if I even start to send you a bid.'

In Philadelphia, the manager of Fox.

"Q Where did this conversation take place?

"A In Philadelphia.

"Q I mean was it in Mr. Diamond's office?

"A. These gentlemen would come up to see my husband because he couldn't get around.

"Q That was, of course, what I asked you before.

"A Met them on the street as they went along. We couldn't dash along from one office to another.

"Q I am trying to relate this specifically to this conversation with Mr. Diamond.

Do you have any recollection as to where that conversation took place?

"A No.

"Q The remark was addressed to your husband?

"A Yes.

"Q Were you present?

"A Yes.

"Q Do you have any recollection as to the date or time?

"A No, no."

■ A plaintiff cannot recover damages for alleged conspiratorial deprivation of films absent a clear demand upon defendant for such films. Royster Drive-In Theatres v. American Broadcasting-Paramount Theatres, 268 F.2d 246, 251 (C.A.2, 1959).

■ The quoted testimony of Mrs. Rossheim falls far short of the kind of demand required by Royster and Milwaukee Towne Corp., supra, and subsequent cases. A remark by an agent of one of the defendants, from which one might speculate that a demand had been made, or if not made, would have been futile, cannot fulfill the requirement of affirmative evidence of a clear request or demand by plaintiff. Cf. Royster, supra, 268 F.2d at 251.

Evidence of a demand lacking, the defendant's motion for summary judgment will be granted.