**Mary TAYLOR, Administratrix of the Estate of John H. Taylor, Deceased**

v.

**REDERI A/S VOLO**

v.

**LAVINO SHIPPING COMPANY.**

**Civ. A. No. 32796.**

United States District Court
E. D. Pennsylvania.
Jan. 3, 1966.

James F. Young, Krusen, Evans & Byrne, Philadelphia, Pa., for defendant.

George D. Sheehan, Rawle & Henderson, Philadelphia, Pa., for third-party defendant Lavino Shipping Co.

WOOD, District Judge.

Plaintiff's decedent, a longshoreman, instituted this action against the original defendant, a shipowner, on February 6, 1963, for injuries sustained allegedly as a result of the unseaworthy condition of the S/S OTHEM, defendant's ship, or the negligence of its employees. Lavino Shipping Company, plaintiff's employer, was made third-party defendant on September 11, 1963, by order of court on the grounds that it was liable over to defendant for plaintiff's injuries because it breached its contractual obligation to perform its stevedoring services properly. At the death of the original plaintiff, his wife as administratrix of his estate was substituted as plaintiff and continued the action.

Briefly put, the circumstances are as follows: Taylor's deposition was taken on March 22, 1963, at a time before Lavino was made a party to this action. At his deposition, Taylor stated that he fell into a space created by the separation of the cargo which was comprised of bags of cocoa beans. Apparently based on this information, REDERI A/S VOLO brought Lavino Shipping Company in the case as third-party defendant. Taylor subsequently passed away. At this late date, aside from the plaintiff's deposition, defendant admits that it has no other evidence or wit-

328

nesses supporting its averments against the third-party defendant.[1]

Third-party defendant has moved first under Rule 11 that the third-party complaint be stricken and secondly that summary judgment under Rule 56 be granted in its favor. With the disposition of this case, it is not necessary to consider the former motion.

■ Preliminarily, we must decide whether any use of Taylor's deposition against third-party defendant can be made at trial. The court on motion for summary judgment must make such a determination without which hearsay or other inadmissible evidence would preclude summary judgment. 608 Hamilton Street Corp. v. Columbia Pictures Corp., 244 F.Supp. 193, 195 (E.D.Pa.1965).

■ We were more confident of the answer before the decision in Derewecki v. The Pennsylvania Railroad Co., 353 F.2d 436 (3rd Cir. 1965), which held that a deposition of plaintiff's decedent was admissible against the defendant although he had had no opportunity for cross examination of the decedent. Derewecki, however, is not binding because in the instant case the third-party defendant was not a party to the action at the time the deposition was taken and thus was neither present at the place of deposition nor was given due notice thereof, alternative conditions for the use of the deposition at trial against a party. F.R.Civ.P. 26(d). Otherwise the deposition remains hearsay inadmissible at trial. Therefore, we hold that the deposition could not be used against third-party defendant at trial.

■ The single question presented is whether there exists a genuine issue as to a material fact as against third-party defendant when third-party plaintiffs admit they have no evidence with which to charge liability. Defendant has the burden to prove that the stevedore breached its implied warranty to load or unload the vessel in a workmanlike fashion. Further, assuming that Taylor's widow does

prove unseaworthiness resulting in liability of defendant, this does not entail automatic indemnity from the stevedore, without proof of breach of warranty. As the case now stands, third-party defendant would be entitled to a directed verdict at the close of defendant's case.

■ A "genuine issue" is one which can be supported by substantial evidence. Riss & Company v. Association of American Railroads, 190 F.Supp. 10, 17 (D.D.C.1960). The whole purpose of summary judgment would be defeated if a case could be forced to trial by a mere assertion that a material issue is present without any showing of proof. Summary judgment therefore is a test to determine whether there is evidence for trial. Whitaker v. Coleman, 115 F.2d 305, 307 (5th Cir. 1940). A party cannot rely on the allegations in his pleadings to preclude summary judgment but must show evidence which supports his position. Robin Construction Company v. United States, 345 F.2d 610 (3rd Cir. 1965).

The problem in this case is unusual in that there is no affidavit from the moving party as to what the facts are. However, several prior cases have considered the same question and decided that summary judgment was proper. In Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952), the court, through Judge Learned Hand, held that where plaintiff would have no witnesses to support his allegations that he had been slandered and could not avoid a directed verdict at trial, defendant was entitled to summary judgment. Similarly, in Smerdon v. Swedish-American Line, 33 F.R.D. 314 (S.D.N.Y.1963), where plaintiff, five years after the accident could show no witnesses to substantiate his claim, the court granted summary judgment to defendant. It was reasoned that there was no genuine issue as to any material fact although it was not clear what the facts were. See also, Van Brode Milling Co. v. Kellogg Company, 132 F.Supp. 330 (D.Del.1955); Cimijotti v. Paulsen, 230 F.Supp. 39 (N.D.Iowa 1964). Cf. Proc-

1. The case is in the current jury trial pool and should be reached for trial before the summer recess.

tor v. Sagamore Big Game Club, 265 F.2d 196, 202 (3rd Cir. 1959), where it was held that there was no genuine issue as to the question of fraud when the record was devoid of any evidence of fraud.

Were this case not so advanced on the trial list, we would be loathe to decree summary judgment. However, defendant has suggested no reason why summary judgment should not be entered. It is not at all likely that he will discover additional evidence if the case is prolonged. He has had ample opportunity to make use of discovery techniques and investigations. It would be worse than futile to require a trial since third-party defendant has absolutely nothing against which he must prepare. Thus, we find that there is no material issue of fact for a trier to determine.

### ORDER

And now, this 3 day of January, 1966, the motion of third-party defendant for summary judgment is granted against third-party plaintiff.