**In re HARTLEY PLUMBING COMPANY, INC., Debtor.**

**Bankruptcy No. 81–00531.**

United States Bankruptcy Court,
M.D. Alabama.

March 10, 1983.

William C. Carn, III, Lee & McInish, Dothan, Ala., for debtor.

Calvin C. Pryor, Asst. U.S. Atty., Montgomery, Ala., for the IRS.

## ORDER

LEON J. HOPPER, Bankruptcy Judge.

This matter is before the court on the motion of the debtor to compel compliance with the plan. A hearing on the motion was held in Montgomery, Alabama, on February 16, 1983, and there appeared William C. Carn, III, counsel for the debtor, and Calvin C. Pryor, Assistant United States Attorney, representing the Internal Revenue Service (IRS). The matter was submitted to the court on the pleadings and briefs of the parties.

It was stipulated by the parties that the single issue to be determined by the court is whether this debtor's payments to the United States Internal Revenue Service under the plan of reorganization are of a voluntary nature and therefore must be allocated to the tax debt by the Internal Revenue Service as the debtor may direct.

The government apparently contends that this Chapter 11 case is in the nature of a legal proceeding similar to a bankruptcy liquidation where payment is made by a trustee. The cases cited by the government tend more to establish what constitutes involuntary payments rather than encompassing the facts of the present case.

The present case is a voluntary Chapter 11 case and the debtor could, as a matter of right, have the case converted to a Chapter 7 at any time or could have had the case dismissed unless it was shown that a dismissal would be prejudicial to creditors.

In the case of *In re Frost,* 19 B.R. 804 (Kan.1982), the court held that a payment by a debtor in a Chapter 13 case was a voluntary payment. While it may be conceded that there are dissimilarities between a Chapter 11 and a Chapter 13 case under the Code, it is fairly evident that the two proceedings are more nearly analogous than a comparison of the present case with Chapter 7 bankruptcy liquidations where disbursements are made by a trustee or other types of legal proceedings through which the government is paid its taxes.

The court concludes that the payments to be made by this debtor to the IRS under the plan as provided by Section 1129 should be deemed voluntary payments by the debtor to IRS and that, accordingly, the debtor may designate the application of the payments to the taxes owed as the plan provided and was confirmed without objection to this particular provision.

In conformance with the above, it is ORDERED that the United States Internal Revenue Service comply with the confirmed plan of reorganization by applying payments first to the trust fund portion of any taxes due, then to any remaining tax, and then to penalty and interest.