**In the Matter of Jerry T. MELTON f/d/b/a Image Mills, Inc., Image Creations, Inc., Sunshine Leasing Corporation, T.H.E. Commerce Development Corporation, United Services Advertising, Inc., Marietta Parkway New Image, Inc., Merchant's Walk New Image, Inc., Sandy Springs New Image, Inc., Comprehensive Business Services, Inc., and Image Mills, Inc., Debtor.**

**James H. ROLLINS, Plaintiff,**

v.

**McDANIEL, CHOREY & TAYLOR, a partnership, and McDaniel, Chorey & Taylor, P.C., successor to McDaniel, Chorey & Taylor, a partnership, Defendants.**

**Bankruptcy Nos. 80–01999A, 80–00869A. Adv. No. 82–3166A.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

April 12, 1984.

Randolph A. Rogers, Atlanta, Ga., for plaintiff.

Otto F. Feil, III, McDaniel, Chorey & Taylor, Atlanta, Ga., for defendants.

OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

The Chapter 7 trustee filed this complaint to recover property, in this case a boat, for the estate. The trustee alleged that defendant, a law firm, accepted the boat as payment for defending Jerry Melton against certain criminal indictments when defendant possessed sufficient knowledge of the original transfer of the boat to permit the trustee to avoid the transfer to defendant. The defendant filed a motion for summary judgment accompanied by affidavits, responses by the trustee to interrogatories, and documentation showing that title to the boat in question was put in the name of Michael Melton, Jerry Melton's son. The trustee responded

to defendants' motion and filed his own motion for judgment [sic], and later for leave to amend the complaint. The trustee's response and motion were accompanied by numerous exhibits.

Underlying the trustee's allegation and necessary to defeat the defendants' motion for summary judgment is one critical fact. The trustee must offer competent evidence to show that the boat was purchased with funds of the debtor, Jerry Melton or of the Melton Family Trust. While many of the exhibits which the trustee relies on to controvert the motion for summary judgment show that the debtor committed both civil and criminal wrongs, only one exhibit supports the critical allegation in this proceeding. In Jerry Melton's deposition, taken by the trustee on May 27, 1982, six months before the trustee filed this adversary proceeding against defendant law firm, Jerry Melton, under oath, testified to the effect (1) that his son had not bought the boat; (2) that the boat belonged to the [Melton Family] trust; (3) that he had a conversation with at least one of the partners of defendant law firm concerning the purchase of the boat; and (4) that defendant law firm expected him to testify, if necessary, that the boat belonged to his son.

 In attendance at this deposition was the attorney for the trustee and the attorney for Jerry Melton. The law firm in the instant proceeding which had not yet become a defendant in this proceeding was not given notice of the deposition, nor did defendant attend the deposition. No one present at the deposition represented the interests of the defendant in the instant proceeding. Defendant has argued that such circumstances preclude the trustee's use of the deposition against defendant in the instant proceeding. Defendant's theory is that "the controlling rule of law [is]

that evidence inadmissible at trial is also inadmissible to avoid summary judgment (except that the court may hear the matter on proper depositions and affidavits)." (Citations omitted) (Defendant's brief in response to trustee's supplemental brief p. 14). Defendant has failed to distinguish the appropriate use of such deposition testimony when the deposition serves the function of an affidavit. *See* 4A J. Moore, *Moore's Federal Practice,* ¶ 32.02[2] (2d Ed., 1983); 8 Wright & Miller, *Federal Practice and Procedure,* § 2142 (1970, pp. Supp.1983); *Tormo v. Yormark,* 398 F.Supp. 1159 (DC NJ, 1975) ("By its terms, the rule [FRCP 56] applies 'at the trial or upon the hearing of a motion or an interlocutory proceeding ....' Despite this language, however, courts and commentators have rejected the notion that the rule governs the use of deposition testimony at a hearing or a proceeding at which evidence in affidavit form is admissible.") *Id.* at 1168. *Accord, Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 966–67 (CA9, 1981).

In *Tormo, supra,* the court had occasion to rule on a motion for summary judgment in a situation similar to the present one. In *Tormo* certain depositions were taken prior to the time the defendant, who was moving for summary judgment, was brought into the case. Because defendant was neither present nor represented, nor given reasonable notice of the deposition, defendant argued such deposition could not be considered by the court in ruling on his motion for summary judgment. After distinguishing a case used by defendant to support his position,[1] the court held that "Rule 32(a) will not bar the admissibility of the facts set forth in the depositions ... because those facts will be offered, not in the form of prior deposition testimony, but in the form of testimony of presently available

---

**1.** The *Tormo* court found that the decision, *Taylor v. Rederi A.S. Volo,* 249 F.Supp. 326 (E.D.Pa. 1966) used by defendant in support was not at variance with its own reasoning. The *Taylor* court found inadmissible a deposition against a third party defendant who was not present at and lacked notice of the taking of plaintiff's deposition. The critical factual difference in

*Taylor* which explains the difference in outcome is that the deponent had died. The *Tormo* court commented that "the [*Taylor*] court held that it could not consider that decedent's deposition, not because Rule 32(a)'s predecessor barred its use on summary judgment, but because that provision would bar its use at trial." *Id.* at 1169.

witnesses." The *Tormo* court also cited with approval the reasoning set out in *United States v. Fox*, 211 F.Supp. 25 (ED La, 1962), *aff'd*, 334 F.2d 449 (CA5, 1964) ("... deposition testimony taken under oath, even if failing to satisfy Rule 32(a)'s requirements is 'at least as good as affidavits.' ").

The deposition testimony introduced by the trustee is based on Jerry Melton's personal knowledge. As such it meets the requirements for the admissibility of affidavits under F.R.C.P. 56. The facts stated in the deposition contradict the evidence submitted by defendant. Summary judgment is not an appropriate resolution when a fundamental factual event is genuinely in issue.

The defendant's motion for summary judgment must be denied. The trustee's motion for judgment is also denied. The trustee's motion to amend his complaint is granted. The defendant will have 10 days from the entry of this order to answer trustee's amended complaint. Plaintiff and defendant are instructed to complete discovery within 30 days of the entry of defendant's answer and to present this court with an agreed-upon pretrial order.