In re The **FRANKLIN PRESS, INC.**, Debtor.

**Bankruptcy No. 83–02188–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

July 5, 1985.

Ronald G. Neiwirth, P.A., Miami, Fla., for debtor.

Marilyn G. Koonce, Asst. U.S. Atty., Miami, Fla., Stephen Kwartin, U.S. Department of Justice, Washington, D.C.

## ORDER GRANTING DEBTOR'S MOTION TO DESIGNATE ALLOCATION OF PAYMENTS TO INTERNAL REVENUE SERVICE

A. JAY CRISTOL, Bankruptcy Judge.

On May 7, 1985, this chapter 11 proceeding was heard by the court on debtor's motion to resolve a disputed issue concerning confirmation of its plan for reorganization. The Internal Revenue Service is the respondent to this dispute. The issue is whether a debtor in a non-liquidating chapter 11, who files a non-liquidating, voluntary plan of arrangement funded by infusion of outside capital, either provided or guaranteed by a party other than the debtor, has the right to designate the allocation of payments to be made thereunder to the I.R.S. This court, after receiving and examining all the evidence, finds as follows:

### FACTS

This case is a voluntary, non-liquidating chapter 11 proceeding, where funding will be by infusion of outside capital borrowed and guaranteed by a third party other than the debtor, to wit, funds from Trefoil Capital Corp. loaned on the basis of the personal guarantee of Robert Dunne, who is the moving force in the financial restructuring of the debtor-in-possession.

### DISCUSSION

■ The legal issue, stated above, can be resolved by focusing on the characterization of the payment. The right to designate how such payments should be allocated to the debtor's tax liabilities depends upon whether the payments are of a voluntary or involuntary nature. See *Muntwyler v. United States*, 703 F.2d 1030, 1032 (C.A. 7th Cir.1983) and *Amos v. Commissioner*, 47 T.C. 65 (1969).

■ The I.R.S. submits that mere court involvement is the test to determine whether payments by the debtor must be deemed involuntary. This position is logically untenable because under this view, there are no circumstances where a chapter 11 debtor-in-possession can allocate its funds pursuant to a plan, which is to be confirmed by court. Rather, this court will focus on the aspect of voluntariness relating to debtor's payments to the I.R.S.

■ Voluntariness is not an amorphous concept incapable of delimitation. A debtor in liquidation has no real options. But a reorganization funded by infusion of outside capital, either provided or guaranteed by a third party, establishes voluntariness. The third party is not subject to the court's control and can not be made to provide funds unless the third party voluntarily contributes them or arranges for the funds. The I.R.S. relies on *In the Matter of Avildsen Tools and Machines, Inc.*, 40 B.R. 253 (N.D.Ill., E.D.1984) and *In the Matter of Mister Marvins, Inc.*, 53 AFTR 2d 84–1065, 48 B.R. 279 (E.D.Mich.1984), but both cases can be easily distinguished as liquidating chapter 11 cases.

■ Payments made to the I.R.S., as provided by 11 U.S.C. § 1129, in a non-liquidating chapter 11 are not always involuntary. See *In re Hartley Plumbing Company, Inc.*, 32 B.R. 8 (Bankr.Ct.M.D.Ala. 1983). In the present case, this conclusion is further supported because of the third party voluntary, personal guarantee in securing the financing necessary for the reorganization.

Accordingly, it is ORDERED that the debtor-in-possession may designate in what manner payments should be allocated to its tax liabilities.

Steven H. Friedman, Miami, Fla., for trustee.

William Roemelmeyer, Miami Shores, Fla., trustee.

Elizabeth Bohn-Garbett, Miami, Fla., for Pan American Bank.

Julian Benjamin, Miami Beach, Fla., for Van Terminal, Inc.

Sandy E. Karlan, Coral Gables, Fla., Barbara Phillips, Miami, Fla., for debtor.

Burton Levey, Coral Gables, for First American Bank & Trust.

Mark D. Bloom, Greenberg, Traurig, Askew, Hoffman, Lipoff & Quentel, P.A., Miami, Fla., for Capital Bank.