In re PROFESSIONAL TECHNICAL SERVICES, INC., Debtor.

Bankruptcy No. 86–02478–BSS.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 20, 1987.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo., for IRS.

Stuart J. Radloff, Clayton, Mo., for debtor.

## MEMORANDUM AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

The matter before the Court is the Confirmation of the Debtor's Plan of Reorganization. The United States of America on behalf of the Internal Revenue Service (hereinafter the "IRS") filed a timely Objection to the Debtor's Plan pursuant to 11 U.S.C. § 1128 and Bankruptcy Rule 3020(b)(1). In its Objection, the IRS disputes that provision of the Plan which provides that payment to the IRS shall first be allocated to "trust fund" tax liabilities and secondly to the balance of liabilities due the IRS. A hearing on the Objection of the IRS was held along with Confirmation hearing on the Debtor's Plan. 11 U.S.C. § 1128 and Bankruptcy Rule 3020(b)(1).

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), which the Court may hear and determine.

### FINDINGS OF FACT

The facts involved in this controversy are not in dispute. Article III of the Debtor's Plan of Liquidation provides in relevant part that:

"To the extent that any such tax claims consist of 'trust fund taxes' for which additional interest and penalties have been assessed or otherwise imposed, Debtor shall have the right to first pay such trust fund tax liabilities, and only after such trust fund tax liabilities have been paid shall payment be made upon any interest and penalties." [1]

## DISCUSSION

The Internal Revenue Code requires employers to deduct and withhold a tax upon wages they pay. 26 U.S.C. § 3401(a). The taxes withheld are deemed to be held in a special fund in trust for the United States. 26 U.S.C. § 7501(a). Liability for these "trust funds" is imposed first upon the employer, pursuant to 26 U.S.C. §§ 3102(a) and 3403. In addition to this liability to pay over to the IRS the withheld "trust funds", the Internal Revenue Code also provides for a penalty for noncompliance. Failure to pay the "trust funds" to the IRS can result in a penalty, imposed as a personal liability upon the person required to withhold such funds, in an amount equal to that amount not collected by the IRS. 26 U.S.C. § 6672. There is no personal liability for unpaid non-trust fund taxes.

By designating the allocation of payments to the IRS, the Debtor is able to reduce the personal liability of the corporate officer responsible for maintaining the "trust funds". On the other hand, the IRS desires to allocate the payments under the Debtor's Plan to non-trust fund liabilities, leaving in place the balance of the Debtor's tax liability as well as that of the responsible officer.

 When a taxpayer makes voluntary payments to the IRS, he has a right to direct the application of payments to whatever type of liability he chooses. *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir. 1964). If a taxpayer makes a voluntary payment without directing the application of the funds, the IRS may make what ever allocation it chooses. *Liddon v. United States*, 448 F.2d 509, 513 (5th Cir.1971), cert. denied, 406 U.S. 918, 92 S.Ct. 1769, 32

L.Ed.2d 117 (1972). When a payment is involuntary, the IRS policy is to allocate the payment as it sees fit. Policy Statement P–5–60, reprinted in Internal Revenue Manual (CCH) 1305–15. Whether payments made by a taxpayer are voluntary or involuntary was discussed in the frequently cited definition found in *Amos v. Commissioner*, 47 T.C. 65, 69 (1966):

"an involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the government is seeking to collect its delinquent taxes or file a claim therefor."

 The IRS in this case contends that since the Service filed a proof of claim in the Bankruptcy Proceeding and since the Debtor's Plan is designed primarily to assist the Debtor's responsible officer from the 100% penalty assessment, that such payment is involuntary and the Debtor's plan of allocation is improper. For the reasons cited herein the Court finds that the mere filing of a claim and confirmation of a plan in the context of a Chapter 11 reorganization case does not amount to an involuntary payment.

One of the leading cases cited by the IRS in its memorandum is *Muntwyler v. United States*, 703 F.2d 1030 (7th Cir.1983). The *Muntwyler* Court held:

"The distinction between a voluntary and involuntary payment in *Amos* and all other cases is not made on the basis of the presence of administrative action alone, *but rather the presence of court action or administrative action resulting in an actual seizure of property or money as in a levy. No authorities support the proposition that a payment is involuntary whenever an agency takes even the slightest action to collect taxes, such as filing a claim or,* as appears to be a logical extension of the Government's position, telephoning or writing the taxpayer to inform him of taxes due. (Emphasis added) at p. 1033.

---

[1]. Plan of Liquidation filed June 9, 1987 at pp. 3–4.

The applicable policy under which the IRS bases its argument is Policy Statement P-5-60, reprinted in Internal Revenue Manual (CCH) 1305-15 which states in part that "the taxpayer, of course, has no right of designation in the case of collections resulting from *enforced collection measures.*" (Emphasis added). In the case at bar payment shall be made from a confirmed Chapter 11 plan. The IRS sights no authority in support of its position that a payment received pursuant to a confirmed Chapter 11 plan is involuntary. In fact, authority exists to the contrary.

In the case of *In re A & B Heating & Air Conditioning,* 53 B.R. 54 (Bkrtcy.M.D. Fla.1985), Chief Judge Paskay held that: "the mere filing of a claim and confirmation of a plan in the context of a Chapter 11 reorganization case does not amount to Court action resulting in actual seizure of money or property. Unlike a taxpayer faced with a government instituted collection proceeding which may lead ultimately to levy upon the taxpayer's assets, a Chapter 11 Debtor enjoys great latitude in how and if a plan is proposed and thus how and when the IRS will be paid." At p. 57. A similar analysis led to the affirmance of a Bankruptcy Court's decision to confirm a Chapter 11 plan with a similar provision *In re Technical Knockout Graphics, Inc.,* 68 B.R. 463 (9th Cir. BAP 1986). See also *Hartley Plumbing Company, Inc.,* 32 B.R. 8 (Bkrtcy.M.D.Ala.1983) and *Rollins v. McDaniel, Chorey & Taylor,* 39 B.R. 762 (Bkrtcy.N.Ga.1984) and *In re Gilley Consulting Engineers, Inc.,* 74 B.R. 568 (Bkrtcy.N.Ga.1987).

While the government places much emphasis on *Muntwyler, supra* and *Matter of Avildsen Tools & Machines, Inc.,* 40 B.R. 253 (N.Ill.1984), aff'd, 794 F.2d 1248 (7th Cir.1986), such reliance appears to be misplaced. The *Muntwyler* case dealt with an assignment for benefit of creditors which the Court specifically found did not equate with a formal Bankruptcy proceeding. See *Muntwyler,* 703 F.2d at 1034 n. 2. The *Avildsen Tools* Court did not decide whether the pre-bankruptcy taxes paid while the Corporation was in bankruptcy were voluntary or not but rather, the case was decided upon whether an agreement between the IRS and the taxpayer had been breached. In addition, in *Avildsen,* the Bankruptcy Court entered an order authorizing the sale of the Debtor's assets and directing the Debtor to pay its outstanding liabilities with the sale proceeds.

Based upon the Court's analysis of this case and the precedence involving the issue in this case, it is

ORDERED that the Objection to Confirmation of the United States of America become and is hereby OVERRULED.

IT IS FURTHER ORDERED that the Debtor's Plan of Reorganization will be confirmed pursuant to Order entered this date.