450 B.R. 68 (2011)
In re Kathleen A. McGUIRE, Debtors.
Liggero Architecture, LLC, et al., Plaintiffs,
v.
Kathleen A. McGuire, et al., Defendants.
Bankruptcy No. 09-19497 (MS). Adversary No. 09-2666 (RTL).
United States Bankruptcy Court, D. New Jersey.
April 27, 2011.
*69 Glenn R. Reiser, William C. La Tourette, Lo Faro & Reiser, LLP, Hackensack, NJ, for Plaintiffs.
Brian W. Hofmeister, Teich Groh, Trenton, NJ, Catherine E. Youngman, Feitlin, Youngman, Karas & Youngman, Fair Lawn, NJ, Anthony Sodono, III, Trenk, DiPasquale, et al., West Orange, NJ, Richard Honig, Hellring, Lindeman, Goldstein & Siegal, Newark, NJ, for Defendants.

OPINION
RAYMOND T. LYONS, Bankruptcy Judge.

I. INTRODUCTION

Defendant, Mark McGuire, moves to vacate the default that was entered against him on May 14, 2010. Because the Verified Application he filed in support of his motion contains arguments of both fact and law in contravention of D.N.J. L. CIV. R. 7.2(a), the court may disregard the legal argument. In addition, the factual matters in the Verified Application are not stated in the first person by Mr. McGuire, but in the third person. Facts are alleged "upon information and belief" and in other ways suggesting that they are not within the personal knowledge of Mr. McGuire. Thus, it appears that the Verified Application contains evidence that Mr. McGuire is incompetent to give. See FED.R.EVID. 602 (prohibiting a witness from testifying to matters outside his personal knowledge). Also, the form of verification does not comply with 28 U.S.C. § 1746 since it is not made under penalty of perjury. The motion to vacate default is procedurally defective and can be denied on that basis alone.
Even were the court inclined to overlook the procedural deficiencies, which is it not, the substance of Movant's argument is not persuasive. His challenge to service is rejected because (1) he never denies receipt of the summons and amended complaint and (2) he admits that he resides occasionally, and receives his mail, at the address where plaintiff mailed the summons and amended complaint. Thus, it appears that service was proper. In addition, he has not shown a meritorious defense since he has failed to allege an enforceable security interest in the stock in question either by a written security agreement or possession of the stock certificates. *70 Motion to vacate default is denied; consequently, Mr. McGuire remains in default.

II. JURISDICTION

The court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a), and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code, or arising in or related to a case under Title 11, to the bankruptcy court.
As Plaintiffs' complaint involves a dischargeability determination, as well as matters concerning the administration of the estateincluding a potential turnover order and a determination as to the validity and priority of a lienthis matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(J), (A), (E), and (K).

III. FACTS AND PROCEDURAL HISTORY

Plaintiffs, Liggero Architecture and its members (collectively, "Liggero"), invested $200,000 with the Debtor, Ms. McGuire, in a real estate development venture. Liggero, being unsatisfied with the investment, sued Ms. McGuire and recovered a pre-petition state court judgment for over $256,000. Ms. McGuire then filed this bankruptcy case, staying enforcement of the state court judgment.
Liggero learned that the Debtor had signed a note to her brother, Defendant Mark McGuire, for $175,000 and had given him stock certificates in IBM. Liggero suspected that its money had been used to buy the IBM stock. It started this adversary proceeding against the Debtor, her brother, and the chapter 7 trustee asserting rights in the IBM stock, as well as seeking a determination that its claim against the Debtor is non-dischargeable.
The trustee and Liggero quickly settled. For a payment of $15,000 the trustee assigned all of his rights, including his avoidance powers, in the IBM stock to Liggero. Liggero then amended its complaint to assert these rights in the stock. Subsequently, further information provided by the Debtor revealed that she had not used Liggero's funds to buy the stock and that she had delivered the certificates to her brother many years prior to bankruptcy; however, IBM's stockholder records continued to show the Debtor as the record owner of the certificates and of additional shares purchased through a dividend reinvestment program. Ms. McGuire also produced a note dated November 8, 2005, for a loan of $175,000 from her brother, Mr. McGuire; the note states that "The principal will be secured by stock listed in Schedule A." No copy of the referenced Schedule A appears in any of the filings.
Liggero moved for entry of default against Mr. McGuire. Plaintiff's attorney certified service of the amended complaint and summons via first class mail to Mr. McGuire. The clerk entered default against Mr. McGuire on May 14, 2010. Plaintiffs sought turnover of the stock and served the motion on Mr. McGuire. He appeared in court on July 6, 2010, where he heard the court order that the stock should not be transferred in order to preserve the status quo. That direction was memorialized in a written order that was also served on Mr. McGuire by mail.
Mr. McGuire now moves to vacate default six months after it was entered.[1] In response, Plaintiffs' attorney has filed an additional certification showing that the summons and amended complaint were *71 mailed to Mr. McGuire at the address listed by his sister on her petition as the residential address of both her and her brother. Additional pleadings and correspondence were mailed to Mr. McGuire at that address, including the motion for turnover of the stock and a letter rescheduling the hearing which Mr. McGuire attended.
No written security agreement has been produced by Mr. McGuire granting a security interest in his sister's IBM stock; nor has he stated that he has possession of the certificates. Surprisingly, when the court inquired during oral argument as to the location of the stock certificates, Mr. McGuire's attorney revealed that his client had recently told him that the stock had been sold, although the records of the transfer agent for IBM continued to list the Debtor as the owner of the stock certificates.

IV. EVIDENCE AND ARGUMENT ON MOTION

Mr. McGuire filed a pleading styled "Verified Application In Support of Motion. . ." It is fourteen pages long, with fifty-eight paragraphs, contains legal argument, citation to legal authority, and factual matters wherein Mr. McGuire is referred to in the third person. For example, in paragraph 4 it states, "Mr. McGuire uses the Franklin Lakes Property as his mailing address and sometime residence, as he goes weeks without being present at the Franklin Lakes Property." Some of the factual statements are preceded by the phrase "upon information and belief." Other facts are stated without evidence that Mr. McGuire has personal knowledge of the same. For example, paragraph 7 states, "As of 2005, the Debtor was the sole owner of the Orchard Property." How the Debtor's brother had that knowledge was not explained. No affidavit or unsworn declaration of any witness was filed with the motion, nor was a brief. Apparently the Verified Application is meant to cover both bases.
What is a verified application? It is common practice in this district for parties to file a verified application in support of a motion. By calling it into question in this case, the court does not mean to single out a particular firm or attorney. In fact, both counsel have filed verified applications in this adversary proceeding. Some people may prefer it because it puts all the factual contentions and legal arguments of a party in one pleading. However, as this case illustrates, the danger in doing so is to diminish the sanctity of the affidavit or unsworn declaration of a witness. By keeping the witness's statement separate, the party is more likely to be conscious that the witness must have personal knowledge, be competent, and provide only admissible evidence. Also, if an unsworn declaration is used, it must be under penalty of perjury, so the seriousness of the statements will be made evident to the witness.
The Bankruptcy Rules require that a request for an order be made by motion unless an application is permitted by the Rules. FED. R. BANKR.P. 9013, 9014(a). The Rules seem to limit applications to administrative matters. See, e.g., FED. R.BANKR.P.1006 (applications permitted for requests to waive filing fee or pay it in installments); 2007.1 (application permitted for appointment of trustee or examiner); 2014 (application permitted for employment of professionals); 2016 (application permitted for requesting compensation for services or reimbursement of expenses); 3017.1 (application permitted for conditional approval of disclosure statement in a small business case); 7065 (application permitted for requesting temporary restraining order or preliminary *72 injunction); 9006(d) (ex parte application permitted for shortening standard period between motion and hearing).
No Rule permits the filing of an application to vacate default. So, the proper procedure by which Mr. McGuire may request an order vacating default is for him to file a motion. Indeed, he did file a Notice of Motion in the form required by the Bankruptcy Rules. And his Verified Application is in support of his motion to vacate default.
The Federal Rules of Civil Procedure contemplate the use of a verified complaint where the plaintiff is seeking interim relief such as a temporary restraining order or preliminary injunction. FED.R.CIV.P. 65(b)(1)(A). Also, the Local Admiralty and Maritime Rules for the United States District Court for the District of New Jersey provide for a verified complaint. D.N.J. L.CIV.R. 9.2. There does not appear to be any reference to a verified application in the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Civil Rules for this district, or the Local Bankruptcy Rules for this district.[2] It appears that the use of a verified application has developed through local practice.
Bankruptcy Rule 9017 makes the Federal Rules of Evidence and Rule 43 of the Federal Rules of Civil Procedure applicable in bankruptcy cases. Under Rule 43, a motion may rely on an affidavit for factual support. FED.R.CIV.P. 43(c). ("When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partially on oral testimony or on deposition."). This rule is an exception to the default rule that a witness's testimony must be taken in open court. FED.R.CIV.P. 43(a). Affidavits, being substitutes for live testimony, may thus contain only admissible evidence from a competent witness with personal knowledge. See, e.g., FED.R.CIV.P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."); FED. R.EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). See also Omnipoint Communs., Inc. v. Common Council of Peekskill, 202 F.Supp.2d 210, 213 (S.D.N.Y.2002) (striking portions of an affidavit that were "not made upon the affiant's personal knowledge, contain[ed] inadmissible hearsay or ma[de] conclusory statements"); 608 Hamilton Street Corp. v. Columbia Pictures Corp., 244 F.Supp. 193, 195 (E.D.Pa. 1965) ("Admissibility of evidence on a motion for summary judgment is governed by the same rules of evidence applicable at trial.") (citing Roucher v. Traders & General Insurance Company, 235 F.2d 423 (5th Cir.1956)); Dr. Beck & Co. G.M.B.H. v. General Electric Co., 210 F.Supp. 86, 92 (S.D.N.Y.1962), aff'd, 317 F.2d 538 (2d Cir. 1963) ("On a motion to dismiss for lack of jurisdiction, the court may only consider evidence which would be of testimonial value at a trial.") (citing Thermo-Plastics Corp. v. International Pulverizing Corp., 42 F.Supp. 408 (D.N.J.1941)). Thus, a witness may not testify to a matter "on information and belief." Cf. Schwartz v. Compagnie General Transatlantique, 405 F.2d 270, 273 (2d Cir.1968) (refusing to consider *73 interrogatory answers alleged on "information and belief").
By statute, a witness may make an unsworn declaration under penalty of perjury as a substitute for making an oath before a notary or other official. 28 U.S.C. § 1746. The declaration may take the form of a certification, verification or statement, but it must be subscribed in substantially the following form, "I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct." Id. In this case, the last page of the Verified Application was styled "Verification Pursuant to 28 U.S.C. § 1746." It reads, "I. Mark McGuire, pursuant to 28 U.S.C. § 1746, hereby verify the foregoing statements are true and correct to the best of my knowledge and belief." This verification is not made under penalty of perjury and does not meet the requirements of the statute. Thus, Mr. McGuire's motion to vacate default is not supported by any proper evidence.
The Local Bankruptcy Rules require the filing of a brief in support of a motion, unless the party states that no brief is necessary. D.N.J. LBR 9013-2. The brief shall be a separate document. Id. Mr. McGuire did not file a brief. His legal argument is within the Verified Application containing fifty-eight numbered paragraphs that contain a mixture of factual assertions and legal arguments. D.N.J. L. CIV.R. 7.2(a) proscribes combining legal argument in an affidavit. It reads,
Affidavits shall be restricted to statements of fact within the personal knowledge of the affiant. Argument of the facts and the law shall not be contained in affidavits. Legal arguments and summations in affidavits will be disregarded by the Court and may subject the affiant to appropriate censure, sanctions or both.
If the movant's Verified Application is considered a substitute for an affidavit, then the court should disregard all the legal argument under D.N.J. L. CIV. R. 7.2(a). The court concludes that the Verified Application is an attempt to combine Mr. McGuire's factual contentions and legal argument in one pleading. That is not permitted under the rules and is grounds for denying the motion to vacate default. Cf. Falor v. G & S Billboard, No. 04-2373, 2007 WL 1362736, at *6, 2007 U.S. Dist. LEXIS 33290, at *19 (D.N.J. May 7, 2007) ("Because Defendant . . . fails to submit an affidavit of someone with personal knowledge of the circumstances surrounding its failure to timely respond to this litigation, the [court] cannot consider its motion to set aside default.") (citing D.N.J. L. CIV. R. 7.2(a)). Nevertheless, the court will consider the substance of Mr. McGuire's argument.

V. LEGAL STANDARD FOR VACATING DEFAULT

FED.R.CIV.P. 55(c), as incorporated by FED. R. BANKR.P. 7055, provides that a court may set aside an entry of default for good cause. "Default judgments are disfavored in our Circuit. . . ." Sourcecorp Inc. v. Croney, Nos. 10-1151 & 10-3440, 2011 WL 159707, at *3, 2011 U.S.App. LEXIS 1047, at *8 (3d Cir. Jan. 19, 2011) (citing Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir.2008)). The standard for vacating entry of default involves the same factors as those involved in vacating judgment of default, though these factors are applied more leniently when vacating mere entry of default. These factors are: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct. Sourcecorp, 2011 WL 159707, at *3-4, 2011 U.S.App. LEXIS 1047, at *10 (citing Feliciano v. Reliant *74 Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir.1982)).
Failure to establish a meritorious defense can be fatal, at least to a motion to vacate default judgment, obviating the need to analyze the other factors. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 197 (3d Cir.1984) ("Because we agree with the Court below that [the defendant] failed to establish a meritorious defense, his motion to set aside the entry of default and the default judgment must be denied. Consequently, we do not decide the issues whether the [plaintiff] would be prejudiced by our granting [the] motion or whether [the defendant's] culpability led to the default and to the default judgment."). However, where the motion to vacate involves merely entry of default, more lenient application of the standard may allow granting the motion even in the absence of a meritorious defense, if both of the other two factors favor the defendant. See Mike Rosen & Assocs., P.C. v. Omega Builders, 940 F.Supp. 115, 120-21 (E.D.Pa.1996) (distinguishing between cases dealing with entry of default and those dealing with default judgment, and identifying "a split of authority as to the proper outcome in cases [involving entry of default] where no meritorious defense exists but the court finds that the first two factors weigh in favor of the defendant").
Here, because Mr. McGuire has neither absolved himself of culpability nor adequately demonstrated a meritorious defense, his motion fails even under the more lenient standard for vacating entry of default.

VI. DISCUSSION

a. Service of Process

Arguing that Liggero has failed to establish service of process, Mr. McGuire evasively suggests, without expressly so stating, that he failed to receive service. Specifically, Mr. McGuire's Verified Application discusses service in the following paragraphs:
4. . . . Mr. McGuire uses the Franklin Lakes Property as his mailing address and sometime residence. . . .
15. Plaintiffs have failed to establish that Mr. McGuire was ever successfully served with the underlying Complaint. As set forth above, Mr. McGuire occasionally utilizes the Franklin Lakes Property as a residence. Bankruptcy notices being sent to the Debtor were also sent to the same address and no proof has been shown by Plaintiffs that Mr. McGuire was served. . . .
41. With respect to the third factor, whether defendant's conduct was culpable, Mr. McGuire can clearly establish that it is not. Plaintiffs have failed to establish that Mr. McGuire was properly served with the Complaint and that his involvement in all aspects of this bankruptcy case was that of a creditor. In fact, the process server alleged that Mr. McGuire was "evading process;" however, no certification or other evidence was submitted to support such allegations. . . .
Mr. McGuire's statements do not, in any way, state that he actually failed to receive service.
Plaintiff's attorney filed a proof of service of the summons and complaint by first class mail in accordance with FED. R. BANKR.P. 7004(b). In addition, Plaintiff's attorney filed a supplemental certification of service showing that the summons and amended complaint were mailed to the address that the Debtor listed as both her residence and her brother's residence. Apparently, this is the home of their parents, and Mr. McGuire's children reside there as well. Notably, Mr. McGuire *75 states that this address is where he receives his mail and where he resides from time to time.
Mr. McGuire has provided no reason to rebut the presumption that "an addressee receives a properly mailed item." Ms. Interpret v. Rawe Druck-und-Veredlungs-GmbH (In re Ms. Interpret), 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998); see also Moglia v. Lowitz & Sons (In re Outboard Marine Corp.), 359 B.R. 893, 898 (Bankr.N.D.Ill. 2007) ("Bankruptcy Rule 7004 does not require proof of actual receipt; it requires only that the summons and complaint be mailed. . . . Thus, under the Bankruptcy Rules, a plaintiff's obligations are fulfilled when the complaint and summons are sent to the defendant.") (internal quotations omitted). Mr. McGuire's statements demonstrate no impropriety in the address to which Liggero sent serviceagain, the same address listed for Mr. McGuire on his sister's creditor matrix, and an address which his own filing admits as being one he occasionally uses as a residence.

b. Meritorious Defense

Here, Mr. McGuire attempts to demonstrate a meritorious defense by arguing that the Trustee cannot sell his avoidance powers to Liggero. The court need not decide this issue because there is a more fundamental issue. The trustee sold all of his rights in the IBM stock to Liggero. The records of the transfer agent show the Debtor as the record owner of the stock certificates on the date of her bankruptcy and continuously thereafter. Accordingly, the stock is an asset of the bankruptcy estate. Mr. McGuire's only claim that could potentially defeat Liggero's rights in this asset, as purchased from the trustee, is that he has a security interest in the stock.
As to Mr. McGuire's security interest, he has failed to demonstrate possession or to produce either the Schedule A referenced in the promissory note from his sister or a separate security agreement specifically describing the IBM stock. Accordingly, he has failed to demonstrate that he has an interest in the stock. See N.J. STAT. § 12A:9-203(b)(3) (enforceability of security interest requires authenticated security agreement providing a description of collateral, or in the alternative for certificated securities, delivery of the certificate); N.J. STAT. § 12A:8-301(a) (delivery of certificated security generally requires possession). Indeed, even if he does have a security interest in the stock, that asset is still property of the estate, meaning it is subject to turnover for purposes of administration pending determination of priorities.
As to Mr. McGuire's other argument, it is not the trustee's avoidance power that allows Liggero to pursue the stock on behalf of the estate; rather it is the sale of the estate's entire interest in the stock that gives Liggero this right. That is, Liggero now holds the same interest in the stock that the trustee held, which includes the rights of a perfected judgment lien creditor, under 11 U.S.C. § 544(a). Thus, the court need not determine whether the sale of avoidance powers was proper. For the purposes of defeating Mr. McGuire's argument, then, the court holds only that the Trustee's sale properly authorizes Liggero to seek turnover of the stock and attack any liens conflicting with the estate's (former) interest in the asset. The mechanism for this result is not any avoidance power, but rather Liggero's rights as a perfected judgment lien creditor.

VII. CONCLUSION

Because Mr. McGuire has failed to demonstrate either a meritorious defense or a lack of culpability, his motion to vacate the *76 entry of default fails. His motion is denied in the entirety.
NOTES
[1] Argument of this motion was postponed while the parties tried unsuccessfully to settle.
[2] The only use of the term "verified application" in any of these sets of rules is in D.N.J. L. CIV.R. 101.1(e), which is inapplicable here as it deals with appearances by patent attorneys.