Richard D. HOOVER, Plaintiff-Appellee,

v.

SWITLIK PARACHUTE COMPANY,
Co-Defendant-Appellant,

Pioneer Systems, Inc.,
Co-Defendant-Appellee.

No. 81–5282.

.United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1981.

Decided Dec. 14, 1981.

Arthur Stanley Katz, Los Angeles, Bernard Lauer, Beverly Hills, Cal., for co-defendant-appellant.

* Honorable Shiro Kashiwa, Judge, United States Court of Claims, sitting by designation.

Shield & Smith, Los Angeles, Cal., Mason Rose, Rolling Hills Estates, Cal., argued, for plaintiff-appellee; Ingall Bull, Jr., Los Angeles, Cal., on brief.

Before CHOY, Circuit Judge, KASHIWA,* Judge, and NORRIS, Circuit Judge.

KASHIWA, Judge:

This appeal involves a grant of summary judgment in a product liability case. Although the motion was made by one co-defendant against the plaintiff, its effect was to limit liability for manufacture of a potentially defective part to a second co-defendant. We must decide first, whether depositions taken prior to joinder of the second co-defendant could be used as affidavits in support of such a motion; and second, whether there were genuine issues of material fact raised in opposition to the motion.

Captain Richard D. Hoover was injured while using a parachute owned by the Air Force. That parachute consisted of numerous components, including a pack and harness assembly unit. Some of the pack and harness units were manufactured by Switlik Parachute Co., Inc. (Switlik), co-defendant-appellant, others by Pioneer Systems, Inc. (Pioneer), co-defendant-appellee. At the time plaintiff Hoover filed his original complaint, April 19, 1974, neither Pioneer nor Switlik were named as defendants. Later, Hoover joined Pioneer as a defendant, his theory being that Pioneer was the manufacturer of the pack and harness he had worn. Pretrial discovery, including depositions, followed. Due to evidence elicited during discovery, Switlik was joined as a defendant. Upon joinder, Switlik cross-claimed against all co-defendants for indemnity and contribution.

Pioneer then filed a motion for summary judgment against the plaintiff contending it was not the manufacturer of the pack and harness. By court order of July 16,

1979, Switlik was not permitted to take depositions from the witnesses Pioneer had previously deposed, but was allowed to submit interrogatories. Switlik, however, declined to use interrogatories. In support of its motion, Pioneer presented the depositions it had taken prior to Switlik's joinder, and photographs, Air Force records, and exemplar packing slips, the foundation and identity of which were based upon these same depositions. The trial court accepted these depositions as affidavits in support of Pioneer's motion for summary judgment and granted Pioneer's motion. In granting the summary judgment motion, the court made a finding of fact that Switlik and not Pioneer manufactured the harness and pack worn by Captain Hoover. Switlik's cross-claim against Pioneer was also dismissed with prejudice by the summary judgment order.

Switlik has appealed the district court's grant of the summary judgment motion.

### I.

■ Initially, we must determine whether Switlik has standing to contest the grant of the motion for summary judgment. In general, to have standing to appeal one must have been a party at the time judgment was entered and must be aggrieved by the decision being appealed. *United States ex rel. Louisiana v. Jack,* 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed.2d 1222 (1917); *Lewis v. United States,* 216 U.S. 611, 30 S.Ct. 438, 54 L.Ed. 637 (1910); *Lampasas v. Bell,* 180 U.S. 276, 21 S.Ct. 368, 45 L.Ed. 527 (1901). Switlik meets both of these criteria. As to the first, it is obvious Switlik was a party at the time summary judgment was entered. As to the second, the district court concluded, "the F106 harness and pack worn by the plaintiff at the time of the accident was not manufactured by Pioneer, but instead was manufactured by Switlik." *Hoover v. Weber Aircraft Corp.,*

No. 74–1064–WPG, slip op. at 8 (C.D.Cal. January 3, 1980). Switlik can therefore no longer contest liability for manufacture. Moreover, in the grant of summary judgment, the district court dismissed with prejudice Switlik's cross-claim for indemnification against Pioneer. We think both aspects of the summary judgment below aggrieved Switlik. On the basis of either, alone, Switlik has standing to bring this appeal.

### II.

■ Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Affidavits, depositions, and interrogatories may be used in support of the motion. See Fed.R.Civ.P. 56(a) and (e). Rule 56 does not, however, require anything more than affidavits be submitted in support of a motion for summary judgment.[1] In support of its motion for summary judgment, Pioneer submitted the depositions that were taken prior to Switlik's joinder. It is clear these documents could not have been used as depositions within the meaning of Rule 56(e) to support the summary judgment motion, for Switlik did not have an opportunity to cross-examine the deponents.[2] See Fed.R.Civ.P. 32(a). Rule 56, however, plainly allows consideration of "affidavits" and we find nothing which requires that term to be construed within the limitations of Rule 32(a). Thus, the relevant inquiry is whether the documents considered below otherwise qualify as affidavits.

■ The depositions submitted by Pioneer met the requirements made for affidavits under Rule 56. They were made on personal knowledge and set forth facts that were admissible in evidence. Thus these depositions were the equivalent of affida-

---

1. Rule 56(e) provides, "[t]he court *may permit* affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." (Emphasis supplied.) See also 6 Moore's Federal Practice ¶ 56.11(3) (2d ed. 1980).

2. Rule 32(a) provides, "[a]t the trial or upon the hearing of a motion * * * any part or all of a deposition * * * may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof * * *."

vits. It would have been pointless for Pioneer to have the same witnesses it had deposed file affidavits when what Pioneer already had from them met all the requirements for affidavits. We hold, therefore, that although the documents considered below were garnered through the deposing of witnesses and are inadmissible as *depositions* for purposes of this summary judgment motion, consideration by the court below of these documents as Rule 56 *affidavits* was not error.

At least two other federal courts have reached the same result in similar situations.[3] *Tormo v. Yormack*, 398 F.Supp. 1159 (D.N.J.1975); *United States v. Fox*, 211 F.Supp. 25 (E.D.La.1962), aff'd, 334 F.2d 449 (5th Cir. 1964). See also Wright & Miller, Federal Practice and Procedure: Civil § 2142 (1970). In *Tormo*, as here, depositions taken prior to joinder of a party were considered affidavits for purposes of a summary judgment motion. In *Fox*, the court allowed the depositions of available witnesses to be used in a preliminary injunction proceeding, notwithstanding Rule 26(d), the predecessor to Rule 32(a).[4] Since affidavits were permitted, the *Fox* court reasoned that depositions taken under oath are "at least as good as affidavits * * *." *Fox, supra* at 30.

■ Switlik is in no way prejudiced by this decision. Switlik was given the opportunity to use interrogatories to develop its own evidence in opposition to the motion for summary judgment. It was Switlik's own choice not to do so. *Cf. Spalding, Division of Quester Corporation v. Antonious*, 68 F.R.D. 222 (D.Md.1975) (depositions admitted against defendant, where defendant had voluntarily chosen not to attend plaintiff's taking of depositions).

III.

Rule 56 permits the grant of summary judgment only where there is "no genuine issue as to any material fact." Appellant Switlik alleges that in opposition to the motion it raised genuine issues of material fact. It further alleges that the trial court improperly gave the benefit of every factual inference to Pioneer, the moving party.

■ It is well settled that it is the burden of the moving party to demonstrate the absence of any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Poller, supra* at 473, 82 S.Ct. at 491. Even where no evidence is presented in opposition to the motion, summary judgment should not be granted if the evidence in support of the motion is insufficient. *Adickes, supra* at 160, 90 S.Ct. at 1609–10; *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439 (9th Cir. 1979).

■ After careful review of the voluminous record in this case, including depositions, affidavits, and photographs, and after viewing the evidence in the light most favorable to Switlik, we find material facts are in issue here. Through its own affidavits and photographs, Switlik raised doubt whether a photograph allegedly depicting

---

3. *Taylor v. Rederi*, 249 F.Supp. 326 (E.D.Pa. 1966), is not in conflict with our result. In *Taylor* the only evidence against a third-party defendant was contained in a deposition of plaintiff's decedent which had been taken prior to the time the third-party defendant had been joined. The court denied its use in a motion for summary judgment. Under then Rule 26(d), a predecessor to present Rule 32(a), the use of such a deposition at trial would have been barred. The *Taylor* court reasoned that because the deposition could not be used at trial, its use was forbidden in the motion for summary judgment. In our case we are dealing with live witnesses available for testimony, whose testimony would be admissible at trial. *Accord, Tormo v. Yormack*, 398 F.Supp. 1159, 1169 (D.N.J.1975).

4. In 1970 Rule 32(a) replaced Rule 26(d). Both provide that upon the hearing of a motion or interlocutory proceeding the deposition of a witness may be used by any party for any purpose if the court finds the witness is at a distance greater than 100 miles from the place of hearing. It had not been shown in *Fox* that the witnesses lived farther than 100 miles from the courthouse. 211 F.Supp. at 30.

Hoover's parachute in fact showed his parachute. Switlik called into question whether purported distinctions between its packs and harnesses and those of Pioneer in fact existed. Switlik also raised a serious issue whether such differences, if they existed, could be discerned from the photographs presented. Further, by pointing to discrepancies in deposition testimony, Switlik presented a serious issue as to the credibility of Pioneer's witnesses. Questions of credibility, of course, are particularly appropriate for jury determination. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628, 64 S.Ct. 724, 729, 85 L.Ed. 967 (1944). And lastly, a question was raised as to the reliability of certain documentary evidence.

■ Although Pioneer may have presented the greater weight of the evidence, it is not the function of the trial judge to weigh the evidence when the case is only at a preliminary state of a motion for summary judgment. Such decisions are best left to the jury. As the Supreme Court said in *Sartor*, "the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Sartor, supra* at 627, 64 S.Ct. at 728–29.

### IV.

In conclusion, we hold that for purposes of this summary judgment motion, the district court properly considered depositions taken prior to Switlik's joinder. The trial court, however, was in error in granting summary judgment in that genuine issues of material fact had been raised. Thus, summary judgment in Pioneer's favor must be reversed and the case remanded to the district court for further proceedings.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.