805 F.2d 1035
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James R. KIMSEY, Non-party Plaintiff-Appellant,
v.
Billy Ray KIDWELL; Donald M. Kreuder; Richard Gregory;
Steven Johnson; Terence Mitchell; Jamie Pollock; Bob
Willison; John Hudia; Gordon Lambert; Christopher Malone,
on Behalf of Themselves and all Others Similarly Situated, Plaintiffs,
v.
Richard CELESTE; Anthony J. Celebrezze, Jr.; Richard
Seiter; Harry K. Russell, Defendants-Appellees.
 No. 86-3412.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1986.
 
 Before WELLFORD, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This appeal arises from the judgment dismissing a pro se civil rights action filed by ten inmates of the Lima Correctional Facility (LCI) in Lima, Ohio. The appellants now seek the appointment of counsel. The appellees move for dismissal on grounds the appellants have no standing to prosecute this appeal.
 
 
 2
 This action was filed in 1984 by ten LCI inmates who asserted that certain conditions of confinement at LCI constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The named plaintiffs also sought certification of their action as a class action on behalf of all present and future LCI inmates. In a judgment entered April 4, 1986, the district court denied class certification and dismissed the action in its entirety.
 
 
 3
 Eleven days before the above judgment (and nearly six weeks after the Magistrate's report and recommendation), appellant Kimsey and three other LCI inmates filed a handwritten document entitled "Original 42 USCA 1983 Claimplaint [sic] or, in the alternative, a Motion for Leave to Intervene" in which they complained of the representation by the named plaintiffs in the underlying action. That motion was not ruled upon or referred to by the district court in its subsequent judgment. The court did deny (by notation), however, a motion filed by the appellants for reconsideration of the April 4 judgment.
 
 
 4
 The general rule is that persons who are not parties to the record and judgment have no standing to take an appeal from that judgment. See United States v. LTV Corp., 746 F.2d 51, 53 (D.C.Cir.1984) (per curiam); Hoover v. Switlik Parachute Co., 663 F.2d 964, 966 (9th Cir.1981). The appellees argue that the appellants have no standing to prosecute this appeal and that the appeal therefore should be denied.
 
 
 5
 Because the district court denied class certification in the underlying action, the appellants have no standing, based upon their inclusion in the proposed class, to appeal the judgment below. It is also apparent the district court did not grant the appellants express or implied intervenor status in the underlying action. The mere fact the district court did consider their motion for reconsideration to the extent of denying it by notation does not evidence a decision to recognize the appellants as parties to the action. We, therefore, conclude the appellants had no standing to take this appeal. Even if such standing could be found, moreover, we observe that the notice of appeal which was filed before the denial of the timely-served motion for reconsideration was a nullity and imparted no jurisdiction to this Court. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). Plaintiff is not precluded by reason of this ruling from setting out his alleged cause of action in a new complaint.
 
 
 6
 Therefore, it is ORDERED that the motion to dismiss be and it hereby is granted. Rule 9(d)(1), Rules of the Sixth Circuit. Such dismissal is without prejudice, of course, to the appellants filing their own civil rights action should present conditions so warrant. It further is ORDERED that the motions for appointment of counsel be and they hereby are denied as moot.