958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul WRIGHT, Plaintiff-Appellant/Cross-Appellee,
v.
Ronald Van BOENING, Robin W. Moses, Larry Jantz,
Defendants-Appellees/Cross-Appellants.
 Nos. 91-35069, 91-35172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 29, 1992*.
Decided March 17, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Wright, a prisoner in the Washington state prison system, appeals the district court's grant of summary judgment in favor of officials of the Washington State Penitentiary in this pro se 42 U.S.C. § 1983 action. Wright alleges that the officials violated his First Amendment rights by confiscating, pursuant to prison policy, certain sexually explicit pictorial and narrative materials belonging to Wright. The district court determined the materials to be obscene and to have been properly confiscated. We affirm.[1]
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 3
 In March 1989, Wright received a transfer from the Washington State Reformatory (WSR) in Monroe, Washington to the Washington State Penitentiary (WSP) in Walla Walla.[2] Shortly after Wright's transfer, WSP officials, including the defendants, confiscated certain sexually explicit materials that Wright previously had in his possession while at WSR. The officials acted pursuant to a prison mail policy that gave them discretion to bar inmates from receiving certain kinds of published materials, including materials determined to be obscene by a court of competent jurisdiction. Washington Department of Corrections Policy 450.020 § 6(b)(2).[3] Wright does not challenge the facial validity of this policy. He does, however, insist that the materials are not obscene and should not have been confiscated. Wright brought the present action following unsuccessful administrative appeals.
 
 
 4
 The confiscated materials consist of twelve full-color pictorial magazines and six paperback books. The magazines depict, in an exceedingly graphic and vulgar manner, acts of heterosexual oral, anal, and vaginal intercourse, in many instances with ejaculation. They contain little or no accompanying text. The magazines have titles such as "Anal Blondes" and "Girls Who Take It Deep." The books consist virtually entirely of lurid descriptions of heterosexual activity, with occasional lesbian scenes. They contain little in the way of plot, character development, or other literary trappings. Titles include, for example, "Bang the Librarian Hard." The books have sexually explicit photographs or drawings on their covers, but otherwise contain no pictures.
 
 
 5
 Wright introduced evidence that he had obtained some of the magazines by mail order from a store in Tacoma, Washington. He also introduced evidence that adult videos depicting similar sexual acts are readily available for rental in Walla Walla County, and evidence that other WSP inmates had in the past been permitted to receive materials comparable to those that were confiscated from Wright. The defendants, for their part, introduced evidence that magazines and books comparable to those confiscated are not available for purchase or loan in the Walla Walla area. They also introduced expert testimony concerning the content of the materials.[4] After reviewing the material, the district court found that there was no triable issue fact for the jury and that the books and magazines were obscene.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 6
 We have jurisdiction pursuant to 28 U.S.C. § 1291. A grant of summary judgment is reviewed de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). The moving party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). We liberally construe a plaintiff's pro se section 1983 pleadings. Lopez v. Department of Health Serv., 939 F.2d 881, 882-83 (9th Cir.1991).
 
 
 7
 The standards of review applicable to the three-pronged obscenity test that we apply in this case, see infra, vary from limited appellate review to slightly broader appellate review, and, finally, to a very broad power of appellate review. However, an appellate court has the ultimate power to determine whether First Amendment rights have been violated. Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 506-07 (1984); United States v. Merrill, 746 F.2d 458, 463 (9th Cir.1984), cert. denied, 469 U.S. 1165 (1985). In exercising that power, we bear in mind that the materials at issue are themselves the best evidence of whether what they represent is obscene. Paris Adult Theater I v. Slaton, 413 U.S. 49, 56 (1973); see Pinkus v. United States, 436 U.S. 293, 302 (1978) (whether materials are obscene generally can be decided by viewing them).
 
 III.
 ANALYSIS
 
 8
 Under the three-pronged test established by the Supreme Court, a publication is considered obscene if: (1) the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to prurient interest; (2) measured by contemporary community standards, the publication depicts or describes sexual conduct in a patently offensive way; and (3) a reasonable person would find that the publication, taken as a whole, lacks serious literary, artistic, political, or scientific value. Miller v. California, 413 U.S. 15, 24 (1973); see Smith v. United States, 431 U.S. 291, 302-03 (1977). Here, "prurient interest" means a "shameful or morbid" interest in sex, not merely a normal interest in sex. Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 501, 504-05 (1985). "Community standards" means the standards of the average person in the community, not those of the most or least tolerant person. Smith, 431 U.S. at 304. In determining community standards, the trier of fact may draw on its own knowledge of the community. See Hamling v. United States, 418 U.S. 87, 104 (1974). However, the trier of fact must not substitute its own personal opinion for that of the community. Id. at 107.
 
 
 9
 We have reviewed the confiscated materials, and we hold that the district court did not err in concluding that they are obscene. Even in the most tolerant of communities, the average person would find that the materials appeal to the prurient interest and that they portray sexual conduct in a patently offensive manner. Furthermore, the materials are devoid of any serious value. They make no attempt to be anything other than hard core pornography.
 
 
 10
 Wright argues that the materials cannot properly be held to be obscene, inasmuch as he was allowed to possess them while he was incarcerated at WSR, and inasmuch as comparable materials are readily available for sale in the state of Washington and have on occasion been allowed at WSP. This argument is meritless. Availability does not imply acceptability. United States v. Various Articles of Merchandise, 750 F.2d 596, 599 (7th Cir.1984). A court may properly determine materials to be obscene regardless of whether such materials are available for purchase or possession in the community. See Hamling, 418 U.S. at 125-27. Wright's possession of these materials while at WSR neither removes the stigma of obscenity nor waives the defendants' right to confiscate them.
 
 
 11
 Wright also argues that the materials do not meet the second prong of the obscenity test as it was originally formulated in Miller. To be judged obscene under that formulation, a work must depict or describe, in a patently offensive way, sexual conduct "specifically defined by the applicable state law." 413 U.S. at 24. Wright contends that no Washington statute or regulation "specifically defines" as patently offensive the sorts of sexual conduct portrayed in the confiscated materials. Therefore, he argues, the district court applied the Miller test in a legal vacuum. This argument, too, is meritless. Wright ignores the Supreme Court's subsequent refinement of the obscenity test in cases after Miller. The proper inquiry is not whether Washington law prohibits or regulates certain kinds of publications, but rather whether the material at issue in the instant case depicts or describes sexual conduct in a patently offensive way according to contemporary community standards. Smith, 431 U.S. at 302-03, 309. State law is simply evidence to be considered by the trier of fact in applying those standards. Id. at 307-08. The confiscated materials easily meet the criteria of the second prong of the obscenity test.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants cross-appeal on the theory that regardless of obscenity, the materials were properly confiscated because they posed a threat to prison security and inmate rehabilitation. The defendants were not aggrieved by the district court's decision, and therefore probably do not have standing to appeal. Hoover v. Switlik Parachute Co., 663 F.2d 964, 966 (9th Cir.1981). Even if they do have standing, however, our disposition of this case does not require us to address their theory
 
 
 [2]
 Wright has since been transferred to the Clallam Bay Corrections Center in Clallam Bay, Washington
 
 
 [3]
 The policy reads in pertinent part:
 b. Publications containing material which meet one of the following criteria may be declared objectionable and be rejected.
 (1) Those materials that pictorially or in a written form depict sadomasochism, bondage, sex depicting rape or sex against the will of one or more of the parties, sex against children, bestiality, and any other pictorial representation that may constitute a threat to institutional security or the safety of the inmates or staff.
 (2) Materials that have been declared obscene by a court of competent jurisdiction.
 Id. § 6(b)(1), (2). Although the policy is written primarily to cover the prison's censorship of incoming mail to inmates, it also applies in cases where the material in question enters the prison with the inmate upon the inmate's transfer from another correctional facility. Wright does not contest the applicability of the policy to the material at issue.
 
 
 [4]
 Wright contends that the defendants' expert witness, Dr. Victor Cline, was not properly qualified, and that the defendants did not provide timely notice of their intention to use Dr. Cline as an expert witness. Given our disposition of the case, we need not address these contentions