5 F.3d 1360
 UNITED STATES of America, Plaintiff-Appellee,
v.
TWO TRACTS OF LAND IN CASCADE COUNTY, MONTANA; One
Residence Located at 2109 Central Avenue West,
Great Falls, Montana, et al., Defendants,
Henry G. Garcia, Claimant-Appellant.
 No. 92-36799.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 31, 1993*.
Decided Oct. 4, 1993.
 
 John Keith, Great Falls, MT, for claimant-appellant.
 Carl E. Rostad, Asst. U.S. Atty., Great Falls, MT, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Montana.
 Before: WALLACE, BOOCHEVER and NOONAN, Circuit Judges.
 NOONAN, Circuit Judge:
 
 
 1
 Henry G. Garcia appeals the grant of summary judgment to the United States in this action to forfeit certain properties. We reverse and remand to the district court.
 
 PROCEEDINGS
 
 2
 The United States moved to forfeit two tracts of land in Cascade County, Montana; one residence at 2109 Central Avenue West, Great Falls, Montana; one 1986 AMC Wagoneer, two 1971 MGBs and one 1979 Volvo, alleged to be the property of Henry G. Garcia. The property was sought to be forfeited under 21 U.S.C. Sec. 881(a)(6) as proceeds traceable to an exchange for a controlled substance. The proceeding was stayed pending a criminal case, at the conclusion of which Garcia was convicted and sentenced. Shortly after sentencing Garcia, the district court granted summary judgment to the United States as to all the property except the 1979 Volvo and one of the two 1971 MGB automobiles. Garcia appealed.
 
 ANALYSIS
 
 3
 The United States, as the district court observed, "provided ample evidence establishing the existence of probable cause" to believe that Garcia had participated in drug trafficking in violation of 21 U.S.C. Sec. 841(a)(1). The evidence, of course, included Garcia's conviction for distributing cocaine and marijuana. There was no issue of material fact as to this evidence.
 
 
 4
 As the leading authority on forfeiture has noted, if a claimant merely contests probable cause the government's summary judgment motion is child's play. David Smith, Prosecution and Defense of Forfeiture Cases Sec. 10.06 (1993). Garcia did not make the mistake of challenging only the government's probable cause. He offered his own affidavit as to the sources of his income, which included $61,000 in worker's compensation benefits and the income of his live-in girlfriend, Nancy Long, now Nancy Long Manning. He also presented the affidavits of his parents Lyle and Henrietta Garcia, who stated that the $12,000 down payment for the two tracts of land in Cascade County came from Lyle's retirement fund. Garcia argued that he had sufficient income from legitimate sources to have paid the $1,800 purchase price of the 1986 Wagoneer, the $900 purchase price of the 1971 MGB, the $8,000 purchase price of the 1979 Volvo and the $22,000 price of his home at 2109 Central Avenue West, Great Falls.
 
 
 5
 The district court found the statements in the affidavits of Garcia's parents to be "lacking in credibility," adding that it was "implausible that Lyle Garcia would furnish such a considerable amount of money to his son in cash." The court further appeared to doubt the statement of Nancy Long Manning, noting that she stated that her relationship with Garcia had ended in 1986 and that the balloon payment of $18,178 on the home was made in 1988.
 
 
 6
 The well-established rule as to summary judgment is that it cannot be granted if there is a material issue of fact in dispute. While the district court's conclusion that the Garcia parents' affidavits lacked credibility is an understandable conclusion for a trier of fact, it seems premature to reach when the Garcias have not been heard in person. The affidavits did put in issue a genuine question of fact as to the sources used to purchase the two tracts of land in Cascade County, and the forfeiture of this property is remanded for trial to the district court.
 
 
 7
 As to Garcia's home, Garcia did not make a showing as to an innocent source of his payment of $18,178 in cash in 1988. As to the interest represented by the balance of the purchase price, there was an issue raised both by his own affidavit and the affidavit of Nancy Long Manning. As to the forfeiture of this fractional interest, a triable issue of fact remains.
 
 
 8
 The district court noted that the purchases of one of the MGBs and the Wagoneer in 1988 were made in cash. Garcia's affidavit referred to a loan for the purchase of the MGB but failed to provide any evidence in support of the loan or even to identify its source. Garcia claimed the $1,800 for the Wagoneer came from his worker's compensation benefits. Again, the affidavits put in issue material facts.
 
 
 9
 We recognize that the district court, having tried Garcia for his drug offenses, had experience with Garcia and was better situated than other trial judges would have been to gauge the credibility of Garcia's own affidavit. We also recognize that reversal of summary judgment in order to remand the matter for a trial before the same judge who decided the summary judgment motion may not be very much of a victory for the appellant. However, if Garcia and his supporting witnesses are willing to take the witness stand and under the penalty of perjury give the testimony they have already presented in the way of sworn affidavits, they are entitled to do so. At trial, they also may be able to introduce into evidence supporting documentation. The district judge is not precluded by his earlier ruling on summary judgment from deciding, after hearing live witnesses and reviewing any evidence presented, whether or not Garcia has established innocent sources by the preponderance of the evidence. See United States v. 92 Buena Vista Ave., --- U.S. ----, 113 S.Ct. 1126, 122 L.Ed.2d 469 (1993).
 
 
 10
 REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4