101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CRESCENT WHARF AND WAREHOUSE COMPANY; Stevedoring Services
of America, Plaintiffs-Appellees,
v.
The VESSEL CC SAN FRANCISCO; Char Yigh Marine (Panama)
S.A., Defendants-Appellants.
 No. 94-55830.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Nov. 14, 1996.
 
 Before: O'SCANNLAIN, T.G. NELSON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 On August 23, 1984, plaintiffs Crescent Wharf and Warehouse Co. and Stevedoring Services of America filed a complaint against the C.C. San Francisco (in rem) and Char Yigh Marine (Panama), S.A. (in personam), in admiralty for stevedoring services, terminal services and other services and necessaries. On August 24, 1984, plaintiffs arrested the C.C. San Francisco. Char Yigh appeared and filed a "claim to vessel" pursuant to Fed.R.Civ.P.Supp.Rule C and answered the complaint.
 
 
 3
 Trial was held to the district court in admiralty without a jury in August and September 1993. The district court held that Char Yigh lacked standing to claim and defend the C.C. San Francisco. Judgment for the plaintiffs in the amount of $334,259.59 principal and $314,158.17 interest was entered on May 9, 1994. Char Yigh timely appeals. Because we conclude that Char Yigh lacks standing, we dismiss this appeal.
 
 
 4
 Standing, a jurisdictional requirement that remains open to review at all stages of the litigation, National Org. for Women, Inc. v. Scheidler, 114 S.Ct. 798, 802 (1994), is a question of law we review de novo, Salmon River Concerned Citizens v. Robertson, 32 F.3d 1346, 1351 (9th Cir.1994).
 
 
 5
 To satisfy the Article III "cases and controversies" limitation on federal court jurisdiction, Char Yigh must show that it has "suffered an injury in fact--an invasion of a legally-protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61 (1992) (internal quotations and citations omitted).
 
 
 6
 The district court entered judgment against the C.C. San Francisco in rem, not against Char Yigh in personam. Thus, to be an "aggrieved party" and show "injury in fact," Char Yigh must demonstrate that it is responsible for satisfying the judgment against the C.C. San Francisco or will otherwise be aggrieved by the judgment. See Hoover v. Switlik Parachute Co., 663 F.2d 964, 966 (9th Cir.1981). This Char Yigh has not done.
 
 
 7
 There is no evidence that Char Yigh will be held responsible for satisfying the judgment against the C.C. San Francisco. Although Char Yigh claims that it has standing as the registered owner of the vessel, registered ownership is insufficient to show true ownership or that Char Yigh will be aggrieved by the judgment against the vessel. See Interpool Ltd. v. Char Yigh Marine (Panama) S.A. (" Interpool I "), 890 F.2d 1453, 1460 (9th Cir.1989), as amended, 918 F.2d 1476 (1990) ("Neither California nor federal law regards registration as conclusive proof of ownership.").
 
 
 8
 Further, although Char Yigh alleges that it will "forfeit" a $340,000.00 bond if the judgment is upheld, it does not cite to any evidence to support that allegation. The "bond" was a letter of undertaking from the Sumitomo Bank, Ltd., in which the bank agreed to "satisfy any judgment which ultimately, after appeal, if any, be rendered against the [C.C. San Francisco] in the said action insofar as such judgment does not exceed the aggregate sum of $340,000.00 plus such fees, interest and costs and proportionate administrative expenses as may be awarded." There is no evidence that Char Yigh posted this bond or that it will forfeit the bond as a result of the judgment.
 
 
 9
 Because there is no evidence that Char Yigh is responsible for satisfying the judgment against the C.C. San Francisco, that Char Yigh will forfeit the bond, that Char Yigh is the true owner of the vessel, or that Char Yigh will otherwise be aggrieved by the judgment against the C.C. San Francisco, we hold that Char Yigh lacks standing to pursue this appeal. The appeal is therefore DISMISSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3