114 F.3d 1195
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dudley Earl THOMAS, Plaintiff-Appellant,
v.
LAS VEGAS METROPOLITAN POLICE DEPARTMENT; Scott Lang,
Officer; Joe Kelly, Officer; Karl Conklin;
David Orr, Officer, Defendants-Appellees.
 No. 95-15733.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 19, 1997.*
Decided May 21, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Dudley Earl Thomas appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990). We affirm in part, vacate in part, and remand.
 
 
 3
 * Summary Judgment
 
 
 4
 Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains for trial and the moving party is entitled to summary judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Fed.R.Civ.P. 56(c). To defeat summary judgment, the nonmoving party must show, by affidavits or as otherwise provided in Federal Rule of Civil Procedure 56, that material issues of fact are in dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A verified pleading, if factually specific and based upon personal knowledge, may serve as an affidavit. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995) (verified complaint may serve as affidavit); see also 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1339 at 152 (1990) (verified pleading may serve as affidavit).
 
 II
 Individual Liability
 
 5
 This section 1983 action arises from a traffic stop on December 14, 1993. Thomas maintains that Officer Lang stopped him for no reason other than that he and his passenger are African-Americans. He contends that Defendants violated his constitutional rights when they stopped his vehicle, ordered him out of the car, handcuffed him, and searched his person as well as the passenger compartment and trunk of his vehicle.
 
 
 6
 It is undisputed that Officer Lang stopped Thomas, searched Thomas and his vehicle, and later permitted Thomas to proceed without issuing any citation.
 
 
 7
 By affidavit, Officer Lang stated that he pulled Thomas over after Thomas "suddenly swerved to the left and made a left turn [onto a side street] without properly using his left turn signal."
 
 
 8
 In his opposition to summary judgment and in the telephonic summary judgment hearing, Thomas insisted that: he did use a turn signal, he never swerved his vehicle, and Officer Lang never mentioned any failure to signal or unsafe lane change.[1] Thomas alleges that when Officer Lang let him go, Lang told him "Stay in your own neighborhood next time or I will throw your ass in jail if I catch you down here."
 
 
 9
 When a police officer has probable cause to believe a traffic violation has occurred, a traffic stop does not offend the Fourth Amendment irrespective of the officer's subjective motivations. See Whren v. United States, 116 S.Ct. 1769, 1772 (1996). Use of turn signals is required by Nevada law. See Nev.Rev.Stat. § 484.343(2) (West 1990). Therefore, the validity of the stop in this case depends upon whether Thomas failed to signal. See Whren, 116 S.Ct. at 1772.
 
 
 10
 Because the validity of the stop turns on a credibility determination, it was error to grant summary judgment based upon Officer's Lang's affidavit. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir.1987) (if direct evidence produced by the nonmoving party conflicts with direct evidence produced by the moving party, the court must assume the truth of the evidence as set forth by the nonmoving party); Hoover v. Switlik Parachute Co., 663 F.2d 964, 968 (9th Cir.1981) (error to grant summary judgment when the affidavits and other evidence raise credibility issues); see also United States v. Two Tracts of Land in Cascade County, Montana, 5 F.3d 1360, 1362 (9th Cir.1993) (error to grant summary judgment based upon district court's assessment of nonmoving party's credibility). Consequently, we vacate the district court's summary judgment in favor of Defendants Lang, Kelly, Conklin, and Orr and remand on these issues.
 
 III
 Municipal Liability
 
 11
 Thomas contends that the Las Vegas Metropolitan Police Department (the Department) is liable for failure to train its officers properly. Thomas has shown no evidence that the Department inadequately trains its officers or that any policy or custom of the Department caused any constitutional deprivation. See City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Accordingly, we affirm the district court's summary judgment in favor of the Department as to Thomas's action against it and/or its officers in their official capacity. See id. at 388.
 
 
 12
 AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this memorandum disposition.[2]
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas swore under penalty of perjury that the facts alleged in his opposition to summary judgment were true and correct
 
 
 [2]
 Defendants' request for attorneys' fees is denied. Each party shall bear its own costs on appeal