Lynn T. CECIL and Suzie Cecil, trustees of the Cecil Family Revocable Trust; Rick Cecil and Lynette Cecil, Plaintiffs,

v.

ROCKY MOUNTAIN RAILWAY AND MINING MUSEUM, a Colorado Non–Profit Corporation, and Yreka Western Railroad, a California Corporation, Defendants.

Yreka Western Railroad, Counter–Claimant,

v.

Lynn T. Cecil and Suzie Cecil, trustees of the Cecil Family Revocable Trust; Rick Cecil and Lynette Cecil, Counter-defendants.

and Related Actions.

No. 2:07–CV–419–GEB–KJM.

United States District Court, E.D. California.

Feb. 26, 2008.

Rene Lastreto, II, Kirsten O'Brien Zumwalt, Lang Richert & Patch, Fresno, CA, S. Edward Slabach, Law Office of S. Edward Slabach, Sacramento, CA, Stephen Hall Slabach, Law Office of Stephen H. Slabach, Burlingame, CA, for Plaintiffs/Cross Defendants/Third Party Defendants.

Michael Barr Cogan, Law Office of Michael Cogan, Redding, CA, for Defendants/Third Party Plaintiffs.

## ORDER*

GARLAND E. BURRELL, JR., District Judge.

Plaintiffs and Counter-defendants Lynn T. Cecil and Suzie Cecil, who are trustees of the Cecil Family Revocable Trust, and Rick Cecil and Lynette Cecil ("Plaintiffs") move for summary judgment on their three claims against Defendants Rocky Mountain Railway and Mining Museum ("Rocky Mountain") and Yreka Western Railroad ("Yreka Western") (collectively, "Defendants"). Plaintiffs claim (1) Rocky Mountain breached a promissory note payable to Plaintiffs, (2) Yreka Western

---

* This matter was determined to be suitable for decision without oral argument. L.R. 78–230(h).

breached a written guaranty of Rocky Mountain's performance of the promissory note, and (3) Plaintiffs are entitled to enforce the security interest they hold in Yreka Western's "Steam Locomotive No. 19," which was part of the collateral securing the written guaranty. Plaintiffs also move for summary judgment on Yreka Western's counterclaim against them, which seeks a declaratory judgment stating that the "Santa Rosa business coach" is the sole collateral securing the written guaranty. Defendants filed a non-opposition to Plaintiffs' motion.

## I. Summary Judgment Motion[1]

### A. Breach of the Promissory Note

■ Plaintiffs seek summary judgment on their claim that Rocky Mountain breached a promissory note contract payable to them. (Mot. at 7:25–9:3.)

Plaintiffs' breach of contract claim requires proof that a valid contract existed between Plaintiffs and Rocky Mountain, Plaintiffs performed their obligations under the contract, Rocky Mountain breached the contract, and Plaintiffs were damaged. *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830, 69 Cal.Rptr. 321, 442 P.2d 377 (1968). The uncontroverted facts show that: (1) a valid promissory note contract existed between Plaintiffs and Rocky Mountain; (2) Plaintiffs fully performed all conditions required under the note; (3) Rocky Mountain breached the note by failing to make timely payments and by failing to pay the entire balance of principal and interest; and (4) as a result of Rocky Mountain's breach, Plaintiffs have been damaged. (Plaintiffs' Statement of Undisputed Facts ("SUF") ¶¶ 1–4.) Therefore, Plaintiffs' motion for summary judgment on this claim is granted.

### B. Breach of the Written Guaranty

■ Plaintiffs also seek summary judgment on their claim that Yreka Western breached the written guaranty between Plaintiffs and Yreka Western, which guaranteed Rocky Mountain's performance of the promissory note contract. (Mot. at 9:6–27.)

The uncontroverted facts show a valid written guaranty existed which obligated Yreka Western to fulfill Rocky Mountain's duties under the promissory note contract and pay Plaintiffs the sums due once Rocky Mountain breached; and that Yreka Western breached the guaranty by failing to pay Plaintiffs sums due from Rocky Mountain under the note. (SUF ¶¶ 4, 7, 14.) Therefore, Plaintiffs' motion for summary judgment on this claim is granted.

### C. Foreclosure of Security Interest

■ Plaintiffs further seek summary judgment on their foreclosure of security interest claim, arguing they have a security interest in Steam Locomotive No. 19 that is enforceable against Yreka Western.[2] (Mot. at 11:1–2.)

"[A] security interest is enforceable against the debtor and third parties with respect to the collateral if ... value was given[,][t]he debtor has rights in the collateral ... [and] the debtor has authenticated a security agreement that provides a de-

---

**1.** The summary judgment standards are well known and need not be repeated. Although Defendants filed a non-opposition to Plaintiffs' motion, "[e]ven where no evidence is presented in opposition to the motion, summary judgment should not be granted if the evidence in support of the motion is insuffi-

cient." *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir.1981).

**2.** Plaintiffs indicate that they seek to establish a valid security interest only as to Steam Locomotive No. 19. (*See* Mot. at 11 n. 1.) Accordingly, Plaintiffs' motion on this claim is confined to Steam Locomotive No. 19.

scription of the collateral...." Cal. Com. Code § 9203(b) (1)-(3). The uncontroverted facts show that: (1) value was given by Plaintiffs in exchange for a security interest in Steam Locomotive No. 19; (2) Yreka Western has rights in Steam Locomotive No. 19; (3) there is a valid security agreement that provides a description of the collateral (Steam Locomotive No. 19); (4) Rocky Mountain breached the guaranteed obligation (the promissory note); and (5) Yreka Western has not paid Plaintiffs any sums due from Rocky Mountain under the note in accordance with the written guaranty. (SUF ¶¶ 10–14.) Plaintiffs have shown that the uncontroverted facts demonstrate they have a valid security interest in Steam Locomotive No. 19 which is enforceable against Yreka Western. Therefore, Plaintiffs' motion for summary judgment on this claim is granted.[3]

### D. Yreka Western's Counterclaim

 Plaintiffs also seek summary judgment on Yreka Western's counterclaim against them, arguing that the Santa Rosa business coach is not the sole collateral set forth in the security agreement between Yreka Western and Plaintiffs. (Mot. at 12:3–13:4.)

In its counterclaim against Plaintiffs, Yreka Western seeks a declaratory judgment that the Santa Rosa business coach "was and is the sole collateral under the Security Agreement" with Plaintiffs. (Yreka Western's Counterclaim ¶ 8.) However, the security agreement states that Steam Locomotive No. 19 also serves as collateral until certain conditions prece-

dent have been met by Rocky Mountain. (See Pls.' Compl. Ex. C.) It is uncontroverted that these conditions precedent were not met. (SUF ¶ 16.) Therefore, Plaintiffs' summary judgment motion is granted on Yreka Western's counterclaim for declaratory judgment.

### II. Entry of Final Judgment

Lastly, Plaintiffs "request a judgment against the liable parties." (Mot. at 10:25.) However, Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. 54(b). Since Yreka Western's third party claim against third party defendant Ralph Domenici ("Domenici") remains in this action, entry of a final judgment for Plaintiffs would require this Court to "ma[ke] specific findings setting forth the reasons" for entering a final judgment under Rule 54(b). Morrison–Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir.1981). Since Plaintiffs have not addressed the required "specific findings," Plaintiffs' request for entry of final judgment is denied.

IT IS SO ORDERED.

---

**3.** Although Plaintiffs' claim is titled "Foreclosure of Security Interest" and Plaintiffs' Complaint seeks "an order directing public sale of the collateral" (Pls.' Compl. at 8:21–22), Plaintiffs state they "have chosen to exercise their judicial remedies here by asking the Court to enter a judgment. If entered, Plaintiffs would be entitled to enforce that judgment as permitted under the Commercial

Code and State Law enforcement procedures." (Mot. at 10:10–14.) Thus, Plaintiffs' motion for summary judgment on this claim seeks only to establish a valid security interest in Steam Locomotive No. 19 which is enforceable against Yreka Western, and does not seek to initiate a "public sale" of that security interest.