NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 24-1673, 24-1678 |
| Plaintiff-Appellee, | D.C. Nos. 3:14-cr-00139-SI-2, 3:17-cr-00139-SI-3 |
| v. | |
| DAVID LONICH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Hon. Susan Illston, Presiding

Submitted December 5, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

This appeal arises from fraudulent schemes involving bank loans and real-estate developments in Sonoma County, California. Previously, this court affirmed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

David Lonich's conviction but vacated his sentence. *See United States v. Lonich (Lonich I)*, 23 F.4th 881, 919 (9th Cir. 2022), *overruled in part by United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024); *see also United States v. Lonich (Lonich II)*, No. 18-10298, 2022 WL 95934 (9th Cir. Jan. 10, 2022) (mem.); *United States v. 101 Houseco, LLC*, 22 F.4th 843 (9th Cir. 2022). Lonich now appeals his resentencing. We reject Lonich's challenges.

1. Lonich does not have standing to challenge the government's possession of property that belongs to third parties. To have standing on appeal, Lonich "must be aggrieved by the decision being appealed." *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 966 (9th Cir. 1981). Lonich concedes that he is not challenging the forfeiture judgment against him. Instead, he seeks to prevent the United States from retaining more property than those judgments allow. Lonich cannot state with any specificity who owns any residual interest in Park Lane Villas East. As a result, there is no concrete injury to Lonich from the government's possession of the proceeds from the sale and operation of Park Lane Villas East. *See id.* We dismiss this portion of his appeal for lack of jurisdiction. *See id.*

2. The district court did not abuse its discretion in sentencing Lonich to a five-year term of supervised release. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). We review whether the district court's sentence was procedurally sound and substantively reasonable. *Gall v. United States*, 552 U.S.

2

38, 51 (2007).

First, Lonich did not object to the district court's explanation of his sentences, so we review for plain error. *See United States v. Sandoval-Orellana*, 714 F.3d 1174, 1180 (9th Cir. 2013). The district court adequately explained its reasoning for imposing a five-year term of supervised release; it considered the parties' arguments and offered a reasoned basis for its decision. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *see also United States v. Wilson*, 8 F.4th 970, 976–77 (9th Cir. 2021) (per curiam) (establishing that "a minimal explanation is adequate" for a resentencing proceeding). In addition, Lonich presents no reason to conclude that a more detailed explanation from the district court would have resulted in a shorter term of supervision. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc) (explaining that, to establish plain error, a defendant must show a "reasonable probability" that he would have received a different sentence absent the error). The record shows no procedural error, much less plain error.

Second, Lonich did not object at sentencing to the sophisticated-means adjustment under U.S.S.G. § 2B1.1(b)(10) and the special-skill adjustment under U.S.S.G. § 3B1.3, so plain error review applies. *See United States v. Gallegos*, 613 F.3d 1211, 1213 (9th Cir. 2010). Double counting is "sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." *United States v. Holt*, 510 F.3d 1007, 1011

3

(9th Cir. 2007) (citation omitted). This is such a case. The sophisticated-means adjustment took into account Lonich's use of fictitious entities and straw buyers to hide the true identity of the buyer of Park Lane Villas East. *See* U.S.S.G. § 2B1.1 cmt. n.9(B). The special-skills adjustment took into account Lonich's use of his skills as a lawyer to carry out the fraud. *See Lonich I*, 23 F.4th at 889–90; *see also* U.S.S.G. § 3B1.3 cmt. n.4.

Third, the district court did not clearly err in finding that Lonich received more than $1,000,000 from a financial institution, warranting an adjustment under U.S.S.G. § 2B1.1(b)(17)(A). *See United States v. Nesenblatt*, 171 F.3d 1227, 1228-30 (9th Cir. 1999). That sentencing adjustment covers "all property, real or personal, tangible or intangible, which is obtained directly or *indirectly* as a result of such offense." U.S.S.G. § 2B1.1 cmt. n.13(B) (emphasis added); *accord Nesenblatt*, 171 F.3d at 1229. 101 Houseco received more than $1,000,000 from the fraudulent scheme. The record supports the district court's finding that Lonich "is Houseco." *See 101 Houseco,* 22 F.4th at 846. The district court did not clearly err in finding that Lonich indirectly received more than $1 million from the fraudulent scheme. *See Nesenblatt*, 171 F.3d at 1229.

Finally, Lonich's sentence is substantively reasonable. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v.*

4

*Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (citation omitted).[1]  The five-year term of supervision imposed for Lonich's multiple Class B felonies was within the statute and Guidelines.  *See* U.S.S.G. § 5D1.2(a)(1).  "[I]n the overwhelming majority of cases," a Guidelines sentence will fall "comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *Carty*, 520 F.3d at 994 (citation omitted).  The district court imposed the five-year term to account for the absence of supervision during the approximately two years after Lonich was released from custody in 2021, and as a belt-and-suspenders approach to ensuring good behavior.  There is nothing "unusual about [Lonich's] circumstances to compel a lower sentence." *Id.* at 996.[2]

**DISMISSED IN PART; AFFIRMED IN PART.**

---

[1] In the supervised-release context, the court need not consider factors (a)(2)(A) and (a)(3).  *See Esteras v. United States*, 606 U.S. 185, 192 (2025) (citing 18 U.S.C. § 3583(c)).

[2] Lonich argues that the district court erred by failing to consider the fact that he accrued 18.5 months of First Step Act and good-time credits.  Recent precedent confirms that "earned time credits" under the First Step Act "shall be applied to reduce the length of a supervised release term." *Gonzalez v. Herrera*, 151 F.4th 1076, 1083 (9th Cir. 2025).  But nothing in *Gonzalez* requires the district court to account for those credits and resentence a defendant.  Rather, under *Gonzalez*, the First Step Act credits may apply toward Lonich's term of supervised release. *See id.* at 1090.